IN THE

## SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW-YORK,

IN MAY TERM, 1820, IN THE FORTY-FOURTH YEAR OF OUR INDE-
PENDENCE.

---

### TRAPPAN *against* MORIE.

BY virtue of a *fieri facias*, issued on a judgment in favour of the plaintiff against the defendant, who was tenant of a house owned by *T. Parcells*, and which he had leased to one *William Dean*, under whom the defendant took possession, the sheriff of *New-York*, on the 12th of *July*, 1819, levied on the goods and chattels of the defendant on the premises. The landlord, *Parcells*, on the 14th of *July*, 1819, made an affidavit, that *Dean* was justly indebted to him in the sum of 350 dollars, for rent of the premises, due on the 1st of *May*, 1819, which he filed in the clerk's office, and served a copy thereof on the sheriff, giving him notice, at the same time, that he claimed to be paid the rent so due, before the goods were removed from the premises. The goods not being removed or sold, and another quarter's rent on the premises having become due to him, *P.*, on the 26th of *August*, 1819, made affidavit, and gave notice to the sheriff, in like manner, that the sum of six hundred and fifty dollars was due to him for rent of the premises, which he claimed to have paid to him before the goods were removed

*A landlord, where the goods of the tenant are taken in execution, can only claim of the sheriff the rent due at the time of taking the goods; not rent which accrues after execution, and while the goods remain on the premises, in the possession of the sheriff.*

NEW-YORK, or sold.   On the 14th of *September*, 1819, the sheriff sold
May, 1820.  the goods on the execution for 404 dollars and 65 cents.

Trappan
v.
Morie.
  *Drake*, in behalf of the landlord, now moved for an order
on the sheriff to pay over the money remaining in his hands
from the proceeds of the execution, to *P.*, the landlord.

  *Burr*, contra, read an affidavit, stating, that the defendant
entered into possession of the premises on the 1st of *May*,
1819 ; that, afterwards, *P.*, the landlord, had said that
he should not exact from the defendant any rent due for the
premises previous to her taking possession.   And that in
consequence thereof, the plaintiff had been induced to
credit the defendant to a considerable amount.
  He contended, that the landlord could not, in any event,
be entitled to demand of the sheriff any rent which became
due subsequently to the levy of the execution, though the
goods were afterwards removed and sold. (*Gwillam* v. *Bar-
ker*, 1 *Price's Ex. Rep.* 274.  *Hoskins* v. *Knight*, 1 *Maule &
.Selw. Rep.* 245.)

  *Per Curiam.*   The landlord had a *lien* on the goods for
the quarter's rent due on the 1st of *May*, 1819, previous to
the levy of the execution.   But he is not entitled to demand
of the sheriff the rent which subsequently accrued, while
the goods remained on the premises, in the sheriff's posses-
sion.   The rule, therefore, must be for the sheriff to pay to
*Parcells*, the landlord, the rent due on the 1st of *May*,
1819.

            Rule accordingly.