(Decided June 14th, 1865.)

---

TEMPLE M. WASHINGTON *vs.* A. WILLIAMSON and MARY WILKES.

STAT. 8 ANNE, CH. 14, SEC. 1: CODE, ART. 53, SEC. 21: LANDLORD AND TENANT: REMEDY OF LANDLORD UPON EXECUTION AGAINST HIS TENANT.—Where goods levied on are not removed from, but sold upon, the premises, a motion by the landlord of the premises for the Sheriff to pay the rent due out of the moneys in his hands, is an appropriate remedy, and one sanctioned by all the authorities.

It is not necessary that the Sheriff should have removed the goods from the premises to entitle the landlord to his rent upon a motion of this kind, though he could not have maintained an action on the case against the Sheriff, *on the Statute of* 8 *Anne*, without having removed the goods.

The Sheriff must have notice of the rent, but the Statute of *Anne* prescribes no form of notice. Neither does the law of Maryland. The latter, however, does require that there shall be appended to such notice an affidavit of the amount of rent claimed to be due.

The landlord, under this statute, is entitled to so much rent as accrued or fell due *before* the levying of the execution, provided the same do not exceed one year's rent.

APPEAL AND ERROR.—Where the appellant will not be benefited by a reversal of the judgment, he is not entitled to ask it.

APPEAL from the Court of Common Pleas of Baltimore city.

This is an appeal from an order of the Court of Common Pleas for Baltimore city, directing the Sheriff of that city to pay to Mary Wilkes, her attorney or agent, the sum of $150, out of the proceeds of two executions in his hands, at the suits of Vanderpoel and Smith, and Temple M. Washington, against Angus Williamson.

These writs of execution went into the Sheriff's hands, respectively, on the 6th and 18th days of June 1860, and were levied, the former on the 8th, the latter on the 18th days of that month, on certain articles of personal property in the possession of the defendant, Williamson, in a warehouse in Baltimore, occupied by him, and regularly scheduled. After the levies were made, viz., on the 2nd day of July 1860, James K. Wilkes, as agent of Mary Wilkes, filed with the Sheriff an account for six month's rent, $150, due Mary Wilkes, July 1, 1860, upon the premises of the defendant, upon which said goods were found. At the suggestion of the Sheriff, this was withdrawn, and a warrant of distress for the same rent was placed by said Wilkes, as agent, in his hands, and was levied by him on other and different property found on said premises, and sufficient, in his judgment, to satisfy the rent. This property, however, was represented to the Sheriff as not belonging to the defendant, but to his customers, he being a carriage-maker, and the property consisting of carriages. (The affidavit of said Williamson, subsequently introduced into the proceedings, verifies the foregoing representation, and proves the carriages were sent to his shop, the premises in question, to be repaired.) But Mr. Wilkes, the agent, refused to have the warrant so levied, and the same day countermanded it, and gave the Sheriff notice that he would expect the claim of rent to be paid out of the proceeds of the sale of goods seized under the writs of *fieri facias*, and left with the Sheriff the papers connected with this distraint, as notice of his claim. The goods were advertised and sold on

the premises, never having been removed therefrom, on the 12th July 1860. The net proceeds, amounting to $134.13, the Sheriff returned as in his hands, ready to be paid .to those entitled, he also, on the return of said writs of *fi. fa.*, having specially reported to the Court the foregoing facts, except the part in parenthesis as contained in Williamson's affidavit.

The account, connected with the warrant of distress, and on which it was issued, is in this form:

" Mr. A. Williamson,
1860.        To James K. Wilkes, Agent for Mary Wilkes,
July 1. To 6 mos. warehouse, from Jany. 1, 1860,
          to date, at $25, .  . -    -    -    -    $150."

To which was annexed the affidavit of said Wilkes, as agent of Mary Wilkes, made before a Justice of the Peace of Baltimore city, on the 2nd day of July 1860, that said amount was justly due her for rent in arrear, and that neither he nor she had received any part of it, directly or indirectly, or any security or satisfaction for the same.

Another bill, for seven months' rent, to 1st August 1860, $175, was filed with the Sheriff on the 15th August 1860, made out as due to the estate of James Wilkes, Jr., and Mary Wilkes, his widow, and sworn to in the same way by James K. Wilkes, as, one of the heirs of James Wilkes, Jr., deceased, and agent for the heirs and devisees of said deceased, and for Mary Wilkes, his widow.

Williamson, in his affidavit, proved that he rented the warehouse from James K. Wilkes, as the agent of Mary Wilkes and the other devisees of James Wilkes, Jr., deceased, for the yearly rent of $300, payable monthly, and that seven months' rent were due and unpaid, from January 1st, 1860, to 1st August 1860; and admissions were filed that under the will of James Wilkes, Jr., the premises in question belonged to his widow, Mary Wilkes, for life, and after her death, to their children, and that James K. Wilkes was the agent of them all in reference thereto.

Upon the return of the writ of *fi. fa.* to the Court of Common Pleas, the Court, by order, upon petition of Mary

Wilkes, passed October 27th, 1860, ordered and directed the Sheriff to pay out of the proceeds of said execution the sum of $150 to the said Mary Wilkes, her attorney or agent, &c., being for the rent claimed. From this order the plaintiff appealed.

The cause was argued before Bowie, C. J., and Goldsborough, Cochran and Weisel, J.

*Thales A. Linthicum*, for the appellant:

1st. The said claimant is not entitled, nor is the said Wilkes, for himself, and as agent for the heirs, devisees and widow of James Wilkes, Jr., deceased, entitled in law to claim the rent, or any part thereof, so alleged to be due, out of the proceeds of sale under the execution, in the hands of the Sheriff, as aforesaid. *Cloud vs. Needles*, 6 *Md. Rep.*, 504. *Md. Code, Art.* 53, *sec.* 21. *Smallwood vs. Pollard*, 6 *Man. & G.*, 100. 46 *Eng. C. L. Rep.*, 1001. *Fisher vs. Bailey*, 1 *Ashmead*, 209. *Mitchell's Admr. vs. Stewart*, 13 *Serg. & Rawle*, 295. *Ayres vs. Johnson*, 2 *Halstead*, 119. *Fisher vs. Johnson*, 6 *Gill*, 354.

2nd. Because the said Mary Wilkes is not, nor is the said Wilkes, agent for himself, and as agent of the heirs, devisees and widow of James Wilkes, Jr., deceased, entitled to claim out of said proceeds of sale, such part of the rent so alleged to be due, as fell due after levy of the Sheriff, made as aforesaid. *Gwilliam vs. Barker*, 1 *Price*, 274. *Hoskins vs. Knight*, 1 *M. & S.*, 245. *Tidd's Practice*, 1014 and 1015. 6 *Gill*, 354. *Smith vs. Russell*, 3 *Taunt.*, 400.

3rd. Because the said Wilkes, for himself, and as agent of the heirs, devisees and widow of James Wilkes, Jr., deceased, after the levy of the writ of *fieri facias* issued in this case, by the Sheriff, made as aforesaid, sued forth a warrant of distress, and placed the same for execution in the hands of the Sheriff, who thereunder distrained sufficient goods, other than the goods so taken in execution as aforesaid, to satisfy said claim for rent so alleged to be due

as aforesaid; which said distress so made and levied, was released and countermanded by said claimant, wherefore and by reason of the distress so made, as aforesaid, and the release and countermand thereof, as aforesaid, the said claimant waived his and their right and remedy under Statute 8 Anne, ch. 14, sec. 1. *Quinn vs. Wallace,* 6 *Whart.,* 451, 466. *Abby vs. Petch,* 8 *Exch.,* 419.

4th. Because the Sheriff did not at any time remove said goods so taken under the writ of *fi. fa.,* issued as aforesaid, from the premises. *Cloud vs. Needles,* 6 *Md. Rep.,* 504. *Way vs. Hearn,* 13 *C. B.,* 303. *White vs. Benstead, et al.,* 20 *Eng. L. & E. Rep.,* 212, &c. *Smallwood vs. Pollard,* 46 *Eng. C. L. Rep.,* 1001. *Woodfall, L. & T.,* 406.

5th. Because the said claimant, after notice of the levy of the writ of *fi. fa.* above referred to, consented to the sale. 6 *Md. Rep.,* 504. *Rothery vs. Wood,* 3 *Camp.,* 24.

6th. Because the said claimant does not allege any term or tenancy of the said Williamson, in said premises, upon which said rent is pretended to be due, and the rent received thereon, and the time when the said rent is payable and due; and does not allege who are the heirs, devisees and widow of James Wilkes, Jr., deceased, and, as such, the owners and lessors of said premises, and does not show whether the said lessors, as pretended, of said premises, are entitled as heirs, devisees, or as widow of said Wilkes, Jr., deceased. *Riseley vs. Ryle,* 10 *M. & W.,* 101. Same case, 11 *M. & W.,* 16. *Richbolds, L. & S.,* 254.

7th. Because the said notice of claim filed with the Sheriff August 15th, 1860, is not verified by affidavit. Code, Art. 33. sec. 21.

*John H. Thomas* and *S. Teackle Wallis,* for the appellees:

The appellee will contend, that under the Statute 8 Anne, ch. 14, sec. 1, the goods levied on could not be taken under the execution without paying to the landlord or his bailiff, before the removal, the half year's rent in arrear. As they were taken without complying with this requirement, and

the fund arising from them was in Court for distribution, she was entitled to be paid out of it the arrears due her. *Taylor's Land. & Ten.*, sec. 603.

2nd. No formality is necessary as to the account or notice given to the Sheriff, other than that they should be accompanied with an affidavit of the amount of rent due. Code, vol. 1, p. 370, sec. 21. *Taylor's Land. & Ten.*, sec. 598. *Cross vs. Tome*, 14 *Md. Rep.*, 256. *Mitchell's Admr. vs. Stewart*, 13 *Serg. & Rawle*, 297.

3d. It is sufficient if. these requirements were complied with before the distribution of the fund arising from the sale of the goods, and that the several accounts and notices taken together, amount to such a compliance, even if either one alone should be considered defective.

4th. It is immaterial that the several accounts may not have shown with certainty who was the landlord. They showed that some one was, who had succeeded to the rights of James Wilkes, deceased. The first account was in favor of James K. Wilkes, agent of the appellee; and they all state him to be the agent or bailiff of the party or parties entitled to the rent, whoever they might be. Such agent, as well as the landlord, is expressly provided for by the Statute of Anne.

5th. The admissions in the cause show who was the landlady, and the order appealed from directed payment to her. If this were a suit against the Sheriff, it would be important to show that he was not ordered to pay the wrong party, because such payment would not protect him against the claim of the rightful one. The appellant, however, has no interest in that question. It is immaterial to him whether the children of James Wilkes are entitled to the fund, or his widow.

6th. The appellee did not consent to the sale of the property. If she had done so, she could not have sued the Sheriff for doing what she had acquiesced in. It would not, however, have affected the question involved in this case—her right to payment out of the proceeds of sale.

7th. The withdrawal of the distraint cannot prejudice her. She had no right to distrain on goods in the custody of the law; and even if she had, the Statute of Anne does not require her to do so in order to entitle her to its provision in her favor.

8th. The goods were not removed from the premises before the sale. By the language of the statute, she was entitled to be paid her rent before removal—which means the rent due up to the time of removal. Having been sold on the premises, the Sheriff and the plaintiff, whom he represented, were bound for the rent up to the day of sale. *Horwitz vs. Davis*, 16 *Md. Rep.*, 313.

9th. The rent, as shown by Williamson's affidavit, was payable monthly. Even if the Court erred in allowing it up to the 1st of July, instead of the 1st of June, the appellant was not prejudiced by the error, and has no right to ask for a reversal on account of it. The Sheriff's return reports in his hands for payment to the proper party the net sum of $134.13. The rent to the 1st of June, prior to the levy, amounted to $125. That would leave but $9.13 in the hands of the Sheriff, to which the first execution creditor would be entitled, and he has not appealed. The appellant, therefore, would not be benefited by a reversal of the judgment. *Horwitz vs. Davis*, 16 *Md. Rep.*, 313.

The judgment in this case is made up in pursuance of an attempt to *assess the damages by the Court itself.* This is an irregularity; no such practice being authorized by law. The declaration was on a promissory note for $185.50, accompanied with the usual affidavit, under the local law of Baltimore. (1858, ch. 323.)

From the record, the judgment appears to have been entered for *default of an answer*, and not for *default of appearance*, as it should have been. The judgment is void on its face. *Webster vs. Reid*, 11 *How.*, 437. *Thomas vs. Doub*, 8 *Gill*, 1. *Mailhouse vs. Inloes*, 18 *Md. Rep.*, 328, 331.

WEISEL, J., after stating the facts of the case, (*ante pp.* 245 and 246,) delivered the opinion of the Court, as follows :

The points in the appellant's brief constituted his causes below against the passage of the order appealed from.

In this case the goods levied on were not removed from, but sold upon the premises, and the remedy by motion for the Sheriff to pay the rent due out of the moneys in his hands, was an appropriate one, and fully sanctioned by all the authorities. It was not necessary that he should have removed the goods from the premises, to entitle the landlord to his rent upon a motion of this kind; though he could not have maintained an action on the case against the Sheriff, *on the Statute of* 8 *Anne*, without having removed the goods. *White vs. Binstead,* 76 *Eng. C. L. Rep.*, 1001.

The Sheriff must have notice of the rent ; and of this we think he had sufficient notice. The one accompanying the distress warrant informed him, with sufficient certainty, of the amount due, the time when due, and the person to whom due and to be paid. The Statute of Anne prescribes no form of notice. Nor does the law of Maryland. This, however, does require, that whenever any landlord shall give notice of rent due, there shall be appended to such notice an affidavit of the amount of his rent claimed to be due. 1 Code, Art. 53, sec. 21. The notice in this case was supported by the requisite affidavit. Every thing in relation to this branch of the proceeding appears sufficiently plain and unambiguous. *Colyer vs. Speer,* 2 *Brod. & Bing.*, 67.

There is no proof, that we can perceive, that Mrs. Wilkes, or her agent, waived her right, by consent actual or implied, to the rent due. She expressly notified the Sheriff that she would expect it to be paid out of the proceeds of the sale of goods seized under the executions; and it was at the Sheriff's option to remove the goods or not from the premises before the sale. The goods being in *custodia legis* in either case, but subject to the statutory lien for the rent, the Sheriff became liable for the rent, either upon the stat-

Washington *vs.* Williamson, *et al.*

ute by action, or upon motion, while the funds remained in his hands.

Nor do we think that the claim for rent in this case was waived or released by the proceedings under the distress warrant. That was levied upon property which, it appears from the proof upon which the motion was heard below, was privileged by law from distress for rent. It was a proceeding at the suggestion of the Sheriff himself, and was no sooner conceived than abandoned; for the Sheriff, although he states *he* had levied it, also adds that the agent, James K. Wilkes, *refused to have it so levied,* and countermanded it the same day it was placed in the Sheriff's hands.

The landlord, under this statute, is entitled only to so much rent as accrued or fell due *before the levying of the execution,* provided the same do not exceed one year's rent. *Smith vs. Russell,* 3 *Taunt.,* 400. *Palgrave vs. Windham,* 1 *Stra.,* 97. *Gwilliam vs. Barker,* 1 *Price,* 274. *Trappan vs. Morie,* 18 *Johns.,* 1. 1 *M. & S.,* 245. *Comyn on Land. & Ten.,* 392. The levy of the first execution was made on the 8th of June, and that of the second on the 18th day of June. At that time only five months' rent was due to the 1st of June. The allowance of the additional month, to July 1, by the order appealed from, was therefore erroneous. But the present appellant would not be benefited by a reversal of the judgment on this account, and for that reason could not ask it; the first execution creditor would be entitled to the difference between the rent due, $125, and the net amount in the Sheriff's hands, $134.13, and he has not appealed. The Court, therefore, under these circumstances, will not reverse the judgment below.

*Judgment affirmed.*