Mr. Justice IIasnee,
after stating the case as above,, delivered the opinion of the court.
It is contended on the part of the plaintiffs that the order of the 29th of March, 1877, which directed that the first two judgments of condemnation should be paid to Travers,, was erroneous and should be reversed. No appeal was entered by Gibson from that order, and the marshal in obedience to-its direction paid over the money to Travers ; but it is nevertheless insisted that the decree of the 18th of September, 1880,: was a reversal of the previous order although passed three-years and a half thereafter. This last decree was passed upon the case presented by the second amended'and supplemental' bill which the court allowed to be filed “ simply for the purpose of making an issue with the defendant Travers as to the right of the landlord to fund in the hands of the marshal,, under and by virtue of the landlord’s lien for rent,” and was entered nearly a year after the money had been paid over by the marshal on the first two judgments to Travers.
The leave granted to file the last supplemental bill did not reserve the right to raise any question as to the order of the-29th of March, 1877, and in our opinion its propriety was not before the court in September, 1880.
*41 . But if it had been, we think the order of March,.1877, was correct, and should have been sustained.
The right of a landlord to a preference claim upon- the goods of his tenant for rent has* been acknowledged for centuries by the law, and judges have always insisted that its existence was greatly for the interest of tenants, especially of the poorer class, as without such a right, landlords would -be averse to entrusting their property to the needy, who might actually be left without a shelter from the elements.
Chancellor Kent declares that the existence of this right inculcates frugality, industry and caution in tenants, and that the absence of some such provision would tend to check, the growth of cities. Hence this was constituted one of the few exceptional cases in which by the law a man was allowed to-be his own avenger, and by the hands of a bailiff of his own appointment, to seize and sell the chattels of the tenant found in the house.
By the Revised Statutes of the District it is provided :
“ Sec. 677. The power claimed and exercised as of common right by every landlord of seizing by his own authority the personal property of his tenant for rent arrear is abolished.”'
“ Sec. 678. The landlord shall have a tacit lien upon such of the tenant’s personal chattels, on the premises, as are subject to execution for debt, to commence with the tenancy and to-continue for three months after the rent is due, and until the termination of any action for such rent brought within the said three months.” The statute further provides that this, lien may be enforced by attachment, by judgment, or by actiou against the purchaser of the goods.
It is insisted upon the part of the plaintiff that the-recovery of their judgment and the return of nulla bona created a prior and inconsistent lien which should prevail in equity against the lien of the landlord in this case.
A.t the common law a landlord lost his lien upon the tenant’s goods after the sheriff' had levied upon them, for an execution took precedence of all debts except specific liens. Taylor’s Land, and Tenant, Sec. 598.
*42 By the statute of VIII Anne, ch. 14, it was provided that “ after the 1st day of May, 1710, no goods or chattels, &c., lying or being upon any messuage, lands, &e., which are or shall be leased for life or' term of years, or otherwise, shall be liable to be taken on any execution on any pretence whatsoever, unless the party at whose suit the said execution issued out shall, before the removal of such goods off the premises by virtue of such execution, pay to the landlord of said-premises or his bailiff all such sums as shall be due for rent for the premises at the time of the taking such goods or chattels by virtue of such action, provided said arrears as do not amount to more than one year’s rent,” &e.
The statute vías always in force in Maryland. (See Washington vs. Williamson, 23 Md., 252). Andas itAvas in force there in February, 1801, it is the law of this District.
To compel the sheriff to pay over one year’s rent the landlord may move the court out of which the execution issues for an order to pay the amount due him from the sale, and this motion may be made at any time before the money is paid over, the sheriff being bound on receipt of a landlord’s notice to retain the money.
In Longstreth vs. Pennock, 20 Wallace, 576, On an appeal from Pennsylvania, where a similar statute is in force, it was decided that a landlord, having a right to distrain for rent in arrear, at the date of the issuing of the warrant in bank, ruptcy, was entitled to be paid in full by the assignee -of the bankrupt,, before the removal of the goods, one year’s rent, in preference to all other creditors.
The existence of this right inflicts no hardship upon the ordinary creditor. The rights of the landlord are regulated by law, and all dealing with the tenant must be supposed to have understood them. His lien is a preference by common right, where not given by statute. His right begins with the lien which can only be acquired by others, as the result of a judgment. The landlord trusts the tenant with his property upon the faith of this privilege.- As the statute makes the rent a valid charge prior to the right of execution creditors, it necessarily lifts up the lien of the rent above any lien of *43 -other creditors. Hence, if there had been a levy under the plaintiff’s judgment, instead of a return of nulla bona and a bale by the marshal under that levy, we hold that the marshal, after notice duly given to him by the landlord, would have been obliged to pay from the proceeds all rent due for a period not exceeding one year, up to the time of the sale, and that if the sale took place during the month, there would have been no division of the rent for that month. See Joyce vs. Wilkenning, 1 Mac Arthur, 567.
In Morgan vs. Campbell, 22 Wallace, 38, the Supreme •Court construed a provision of a statute of Illinois which •declared “ every landlord shall have a lien upon the crops growing or grown upon the demised premises in-any year for rent that shall accrue for such year.” After stating the probable reason for the enactment of the law, they say, “be this as it may, the statute does in express terms confer a lien upon the crops growing or grown upon the demised premises in any year for the rent of that year, and recognizes for •other personal property in the county the right of distress •as-it existed at common law. At common law the landlord could distrain any goods found upon the premises at the time of the taking, but he had no lien until he had made his right active by actual seizure. A statutory lien implies •security upon the thing, before the warrant to seize it is levied. It ties itself to the property from the time it attaches to it, and the levy and sale of the property are only means of enforcing it. In other words, if the lien is given by statute, proceedings are not necessary to fix the status of the property. But in the absence of this statutory lien, it is necessary to take proceedings to acquire a lien upon the property of the tenant for the benefit of the landlord. This the landlord is enabled to do in a summary way to satisfy the rent which is due him, and in this he has an advantage as creditor over creditors at large of the- tenant.”
Nor do we think the lien of the landlord v'as lost or impaired by the order of his attorney to suspend a sale under the attachment. Whether such an order in other cases might have had the effect contended for by the plaintiff’s, *44 we do not think it could have impaired the statutory lien which already existed before the declaration in the case was filed, and the landlord’s forbearance to enforce his right for a month would not have had the effect to destroy the lien»
In Walker vs. Barton, 2 Br. Reports, 365, it was decided that the landlord’s lien is not waived by an. agreement to forbear to distrain upon condition that the property shall remain on the premises.
We think, therefore, that the order of the 29th of March, 1877, even if it were examinable now, should be sustained •as being based upon correct principles.
The remaining question is as to the disposition of the-money in court amounting to $318.84.
The third attachment was issued on the 6th day of March, 1877, and on the 9th it was laid on the goods then in the custody of the marshal on the premises under the previous attachment.
On' the 20th the goods were sold by the marshal. It is insisted-by the plaintiffs that the landlord had no right'to seize, under this attachment, goods already in the custody of the law, and that the attempted levy under the third attachment was, therefore, void. But, in our opinion, when this attachment was issued the landlord had a statutory lien upon the goods then on the premises and the circumstance that they were then in the custody of the marshal could not destroy his lien.
In the case of Holdane vs. Sumner, 15 Wallace, 605, the supreme court had occasion to construe the provision of the code.of Louisiana, regulating the right of-the landlord to-recover rent.
According to that code the landlord has, for the payment of his rent, a right of pledge on the movable effects of the lessee found on the property leased, and may seize them within fifteen days after their removal from the property by the lessee. In the particular case, the tenant, a corporation, undertook, in supposed pursuance of the insolvency act, to make a eessio honor urn for the benefit of its creditors-generally, and the appropriate court accepted the cession. *45 and directed that all judicial proceedings against the property be stayed ; and the syndic took possession of the goods and sold them. It was afterwards decided by the appellate court of the State that a corporation was not included in the expression “ any person in the insolvency act,” and was not, therefore, entitled to make a eessio honorum ; and the order staying proceedings against the property in the hands of the syndic was therefore vacated. But it was held that, notwithstanding the decree of the court, which stayed proceedings on the part of the landlord to follow the goods and make his rent, was void, still his lien remained.
The Supreme Court says: “ But- when the goods are in custodia legis, as where they are seized by a sheriff under an execution, or are placed in the hands of a syndic under a eessio honorum, the lessor cannot exercise this power of seizure and does not lose his privilege by not exercising it, but said privilege attaches to the proceeds of the property in the officer’s hands.”
By the provisions of section 678 of the Eevised Statutes of the District, the tacit lien of the landlord “ shall continue for three months after the rent is due and until the termination of any action for such rent brought within the said three months.”
His lien for the months of January and February, 1877, undoubtedly existed on the 6th of March, when the declaration was filed, and continued until the termination of those proceedings, and was not destroyed by the fact that the goods which the law had said should be subject to his lien, were at the time of issuing the attachment in the custody of the law.
~We are, therefore, of opinion that the, rent for those two months should be paid to the landlord out of the fund in the marshal’s hands. The residue is to be paid over by the marshal to the plaintiffs upon their judgment.