## HARRIS BROS. *vs.* O. DAMMANN.

### LAW. No. 24,176.

{ Decided February, 1884.
{ The CHIEF JUSTICE and JUSTICES Cox and JAMES sitting.

Under the statute of 8 Anne, ch. 45, as modified by the landlord and tenant act (R. S. D. C., § 678) where execution is levied on goods situated on premises of which the execution debtor is tenant, the landlord has a prior lien for the rent in arrear, and, if the levy is made *after* a periodical instalment of rent has begun to accrue, for the whole of that period also, but no more, although the marshal, instead of taking the goods to the pound, kept them upon the premises for a longer period.

THE CASE is stated in the opinion.

N. H. MILLER for plaintiff.

A. B. DUVALL for defendant.

Mr. Justice Cox delivered the opinion of the court.

Judgment was rendered for the plaintiff below, and execution levied upon goods in the defendant's store. The landlord of the premises, Meyer Silver, made application to the court below, by motion, to direct the marshal to apply $100 of the proceeds of the sale of the goods to the payment of rent for the month of March, 1883. An order was made as prayed, and an appeal taken from that order by the execution creditor.

The circumstances that are material to the question are as follows: As far back as the 6th of February, 1883, Michael Holtzman, who had a judgment against the same defendant, caused an execution to be issued, and that was levied on that day upon the same goods. The goods were not removed from the premises, but the marshal continued in possession of the goods there until the 1st of March, 1883, when Silver, the landlord, caused an attachment to be issued for the rent due for January and February, and levied on the same goods. The marshal continued in the possession of the goods on the premises until the 15th of March. Meanwhile, on the 8th of March, the plaintiffs in this suit caused an execution to be issued on their judgment, and

levied on the goods.   On the 15th of March the marshal removed the goods and sold them, and paid to the landlord the rent for the months of January and February out of the proceeds of the sale, and applied part of the proceeds to the first execution.   Then he applied all the balance of the proceeds in his hands to the second execution—that of Harris Bros.—except $100, which he retained, upon notice from the landlord, Silver, to meet the claim of the landlord for the rent for the month of March.   The question now is, whether the landlord is entitled to the rent for the month of March, because the marshal remained there until the 15th of that month.

We should observe, that the petition of Silver states that the marshal made sale of these goods under the two executions issued on the judgments of Holtzman and Harris Bros., and from that petition we have to assume that both these writs were levied upon the same goods.   There is some question made about that, but, for the present, we assume that to be the fact.

In the first place, what was the condition of the law on this subject, before the passage of our landlord and tenant act?

At common law, as we all know, the landlord had simply a right to distrain his tenant's goods, on the premises, for his rent, *after it was due*; and if in the meanwhile, and before the rent was due, a judgment creditor issued an execution and levied upon the same goods, the landlord had no priority over him.   The statute of 8 Anne, chap. 45, provided that wherever execution was levied upon the goods of the tenant on the premises, the judgment creditor should be bound to pay to the landlord the rent due at the time of the levy to the extent of one year's rent, and the sheriff might include this in his levy against the tenant.   When such a levy was made, after a periodical instalment of rent had begun to accrue, the question arose whether the landlord would be entitled to be paid, out of the proceeds of the sale, the amount of the rent for the whole period.   The authorities seem to settle it, pretty conclusively, that that can-

not be done; that the landlord had no relief under the act of Anne to that extent. So far as American cases are concerned, it was first settled in the case of Trappan vs. Morie, 18 Johns., 1, that the landlord could only apply to have the rent actually due to him and in arrears at the time the levy was made. The same point was settled in Maryland in the case of Washington vs. Williamson, 23 Md., 244, where the sheriff levied in the month of July, and the court allowed payment to be made up to the 1st of July for the rent accrued up to that time, and overruled the order of the court below allowing rent to be paid for the month of July. It must, therefore, be held to be settled law that where, at the time of the levy, a periodical instalment of rent has not accrued, but is accruing, the landlord is not entitled to that instalment under the statute of Anne. I should observe that the application in this case was made for relief under this very statute, because it is in force in Maryland and in the District of Columbia.

Another thing seems to have been settled, and that is, that if the sheriff, after making this levy upon personal property, continues in possession on the premises for a certain time, the landlord is not entitled to relief, under this act of Anne, for rent accruing during the period while the sheriff is on the premises. That, no doubt, is on the theory that the sheriff is there simply as an officer of the law, is not the tenant of the landlord, but the goods are in the custody of the law; that the sheriff, in fact, is only making use of the premises as his pound; that, in contemplation of the statute of 8 Anne, the goods are not in his possession as tenant, or in the possession of the tenant. The law on that subject is stated in Alexander's Statutes, p. 685, as follows:

"But he [the landlord] cannot claim except for rent in arrear at the time of issuing the execution, and is not entitled to what accrues during the sheriff's possesion; if the latter injure him by remaining too long in possession, the landlord may have his remedy by an action on the case. Hoskins vs. Knight, 1 M. & S., 245; Washington vs. Williamson, 23 Md., 244. The sheriff, too, is not liable where

he takes corn in the blade and sells it before any rent is due, to account to the defendant's landlord for rent accruing subsequently to the levy and sale, though notice had been given, and the corn not removed until long afterwards when rent has accrued. Gwilliam vs. Barker, 1 Price, 274. But the *dictum* of Thomson, C. B., there, that the landlord's remedy in such a case was by distress, was overruled in Peacock vs. Purvis, 2 Brod. & Bing., 362, and Wharton vs. Naylor, 12 Q. B., 673, denying like *dicta* in Smallman vs. Pollard, 6 Man. & G., 1001; goods so taken being, until removal, *in custodia legis*, and equally so whether in the hands of the sheriff or his vendee, and the removal without payment of the rent, though wrongful, and subjecting the sheriff to an' action, not invalidating the execution."

We may, then, assume that where a levy was made, as in the present case, in the midst of a month or quarter, the rent can only be recovered under the statute of Anne, up to the expiration of the preceding month or quarter, and no rent accrues for the purpose of being satisfied out of the proceeds of sale, for the time during which the sheriff was rightfully or wrongfully on the premises.

The next question is, how far this condition of the law is changed by our landlord and tenant act. That provides that the landlord shall have a tacit lien upon such personal chattels on the premises as are subject to execution, to commence with the tenancy, &c.

Where the tenancy is from month to month, and one month has commenced, we may assume that the landlord's lien for the rent of that month commences with the month. It commences before the rent is due, and will have priority over a lien acquired by execution issued during the month. We have gone to the extent of holding that under the statute of Anne, *as modified by our statute*, the landlord, in such case, is entitled to the whole of the accruing month's rent. That was settled in .Joyce vs. Wilkenning, 1 Mac Arthur, 567, and also in Gibson vs. Gautier, 1 Mackey, 35. That is the extent to which this court has gone. We have not held that the lien of the landlord would entitle him

to any further relief than for the accruing rent—that is the periodical rent accruing at the time that the levy is made. If we should go any further, and hold that the rent which accrued for the next period afterwards should be paid, there would be no limit in time in cases of leases running for a term of years.

We should have to hold that, at the commencement of the term the landlord's lien attached for the rent of the whole term, giving him a preference for the whole over an execution creditor who levied pending the term. This would effectually cover up the tenant's property from his other creditors. That idea was distinctly repudiated in the case of Joyce *vs.* Wilkenning, in 1 Mac Arthur.

To apply the law, as thus defined, to the facts of this case. We find that, on the 6th of February, execution was levied at the instance of Holtzman, on these goods ; that the marshal continued to hold them on the premises until the 15th of March. At the time of the levy, the whole rent for the month of January was due, and that the landlord was clearly entitled to, under the very words of the statute of Anne. Under our interpretation of our own statute, the landlord was entitled to receive the rent for February out of the proceeds. So that the rent for those two months of January and February was properly paid to him. But before the rent for the month of March had begun to accrue at all, the goods had passed out of the tenant's possession into the custody of the law, and were held by the marshal. Under the terms of the statute of Anne, there could be no application of the proceeds of sale under that execution, to the payment of rent for the month of March; neither could the landlord claim for the rent accruing during the sheriff's occupancy of the premises, according to the decisions I have already referred to.

Further, the lien of the landlord is confined to the tenant's personal chattels on the premises. Physically these chattels were on the premises, but were they so in contemplation of law? When the marshal levied his execution, the goods passed into the custody of the law. The regular course of

proceeding was for the marshal to remove them to some auction room as his pound, but on the request of the tenant himself, and by consent of the parties, the goods were allowed to stay on the premises for the time being, and thus the premises became the marshal's pound. The goods were not in possession of the marshal as tenant of the landlord, but they were there in the marshal's pound. It does not seem to us, therefore, that if these executions were levied on the same goods, the landlord had any claim upon them for the rent for the month of March; and that being the condition of things, which we must assume from the petition in this case, we think that the order below was erroneous. Some doubt is cast upon the question whether these executions were both levied on the same goods, one schedule being larger than the other. It is impossible for us to determine whether the goods were the same or not, and we, therefore, think that the order overruling the order below ought to be made without prejudice to the right of the party to show that these two executions were levied on different goods. If the levy of March 8th was made on different goods from those already in the marshal's hands under the previous levy, it would follow, from the views we have expressed, that the rent of March ought to be paid out of their proceeds.