### In re CHAUDRON & PEYTON.

### In re FAUST.

#### (District Court, D. Maryland. June 30, 1910.)

1. BANKRUPTCY (§ 350*)—RIGHTS OF LANDLORD—LIEN ON DISTRAINABLE ASSETS.

Where a landlord, not having distrained on the assets of his tenant for rent in arrear prior to bankruptcy adjudication, had no lien under the laws of Maryland, he could not obtain a lien against the proceeds of a sale of distrainable assets by the tenant's trustee in bankruptcy, under the bankrupt act, giving priority to debts owing to any person who by the laws of the state or of the United States is entitled to priority, by applying to the bankruptcy court for payment of the rent in arrear or in the alternative for permission to distrain on the goods on the premises.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 350.*]

2. COURTS (§ 366*)—FEDERAL COURTS—RULES OF DECISION—DECISION OF STATE COURTS.

Decision of a state court of last resort that a landlord, in the absence of distraint, is not entitled to priority for rent in arrear, on the insolvency of the tenant, is binding on the federal courts sitting in bankruptcy.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 950, 956; Dec. Dig. § 366.*

State laws as rules of decision in federal court, see notes to Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.]

In the matter of Chaudron & Peyton, bankrupts. Petition of William K. Faust for payment of rent in arrears as a preferred claim. Denied.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Walter C. Mylander, for landlord.

Samuel J. Fisher, for trustee.

ROSE, District Judge. On the 31st of May, 1904, the bankrupts leased from the petitioner the premises 431 East Saratoga street in Baltimore city for the term of five years accounting from the 1st day of July, 1904, at and for the annual rent of $1,500, payable in equal monthly installments of $125 each on the 1st of each month. The tenants were to pay the bills for water rent. By the terms of the lease the landlord had the right to distrain whenever any installment of rent should be 10 days in arrear.

On the 18th of May, 1909, Chaudron & Peyton were adjudicated bankrupts. At that time two monthly installments of rent and of water rent aggregating $259 were due and in arrears. There was then, and until after the filing of the landlord's petition now under consideration, on the premises a stock of goods of value much greater than the amount of rent in arrear. On the day of the adjudication in bankruptcy a receiver of the bankrupt's property was appointed by this court, and on the 7th of July a trustee was elected. While the receiver notified the petitioner that he would not assume the said lease, he actually kept the goods of the bankrupt, or some of them, on the property until a day or two before July 1, 1909, when he surrendered possession of the premises to the petitioner. Rent from the date of the adjudication to the 1st of July was paid by the receiver.

On the 8th of June, 1909, the petitioner filed his petition praying for the payment of the $259 of rent in arrear at the time of the adjudication in bankruptcy, and $77.70 the proportional amount of said rent from the 1st day of May, 1909, to the day of such adjudication, or in the alternative for permission to distrain on the goods on the premises.

At the hearing of the petition counsel for the petitioner admitted that he was not entitled to have treated as a preferred claim the $77.70 proportion of rent which accrued between the 1st and 18th days of May, 1909. He did insist, however, with great ability and with a wealth of industry and learning, that he was entitled to an order of the court allowing the $259 of rent due and in arrears at the time of the adjudication to be paid as a preferred claim out of the proceeds realized from the sale of the goods which were on the premises at the time of the adjudication in bankruptcy and at the time of the filing of his petition on the 8th of June, 1909. His contention is that wherever at the time of an adjudication in bankruptcy the bankrupt owes rent which is then due and in arrears, and there are at the time of such adjudication distrainable goods on the premises, the landlord may acquire a right to be paid in preference out of their proceeds, if their proceeds shall be sufficient to pay him, provided the said landlord filed a petition with the court asking for such payment, or, in the alternative, for permission to distrain on the said goods.

Such has not been the practice of this court under the present bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]). The whole question was very fully considered some six years ago by Judge Morris in the matter of the Southern Company of Baltimore city. In that case, as in this, the contention was made that the statute of 8 Anne, c. 14, § 1, is in force in Maryland. There is no question that it is. It was there insisted, as here, that in Longstreth v. Pennock, 20 Wall. 575, 22 L. Ed. 451; In re Wynne, 4 N. B. R. 23–29, Fed. Cas. No. 18,117; In re Trim, 5 Nat. B. R. 23, Fed. Cas. No. 14,174; In re Mitchell (D. C.) 8 Am. Bankr. Rep. 324, 116 Fed. 87; Malcomson v. Wappoo Mills (C. C.) 85 Fed. 910—it had been determined in the federal courts that under state statutes in Pennsylvania, Virginia, Delaware, and South Carolina, very similar to the statute of Anne, the landlord was entitled to the payment of his rent as a preferred claim. To these citations in the present case are added: In re Gerson, 2 Am. Bankr. Rep. 170; In re Pittsburg Drug Co. (D. C.) 20 Am. Bankr. Rep. 227, 164 Fed. 482; In re West Side Paper Co. (D. C.) 20 Am. Bankr. Rep. 289, 159 Fed. 241; In re Goldstein, 2 Am. Bankr. Rep. 603; In re Bishop, (D. C.) 18 Am. Bankr. Rep. 635, 153 Fed. 304; In re Ells (D. C.) 3 Am. Bankr. Rep. 564, 98 Fed. 967. On the other hand, counsel for the landlord with equal zeal, industry, and learning calls attention to: Powell v. Daily, 61 Ill. App. 552; In re Jefferson (D. C.) 2 Am. Bankr. Rep. 206, 93 Fed. 948; In re Houston (D. C.) 2 Am. Bankr. Rep. 107, 94 Fed. 119; In re Joslyn, 3 N. B. R. 473, Fed. Cas. No. 7,550.

It is admitted that the bankruptcy act does not expressly give any preference to the landlord. If he is entitled to priority of payment, it is under that clause of the bankrupt act which provides that priority shall be given to debts owing to any person who by the laws of the states or of the United States is entitled to priority. It is not a question as to whether in the opinion of the individual federal judge the claim for rent is one of peculiar obligation, or whether in his opinion it stands on the footing of all other honest debts justly due and owing. The sole question is whether under the state law of the state in which the property is situated the rent is under such circumstances a preferred claim. Longstreth v. Pennock, 20 Wall. 575, 22 L. Ed. 451.

Under the bankrupt act a creditor is allowed the same priority which he would have had had not that act superseded the state law governing the distribution of insolvent estates. Collier on Bankruptcy (7th Ed.), 742; Loveland on Bankruptcy, 780; Remington on Bankruptcy, § 2197; In re Worcester County (First Circuit) 4 Am. Bankr. Rep. 496, 102 Fed. 808, 42 C. C. A. 637; In re Jones (D. C.) 18 Am. Bankr. Rep. 209, 151 Fed. 108.

Judge Morris, after a review of the Maryland authorities, reached the conclusion that there could be no doubt that in Maryland rent in arrears at the time of the filing of a petition in insolvency was not a preferred claim. In that conclusion I fully concur.

In 1856 the Court of Appeals of Maryland, in the case of Buckey

v. Snouffer, 10 Md. 149–155, 69 Am. Dec. 129, in which a landlord·
after the institution of insolvency proceedings had levied distress on
the property on the leased premises, said:

"Whatever may be the law elsewhere, in this state when a debtor applied
for the benefit of the insolvent laws under Acts 1805, c. 110, and its supple-
ments, his property came under the custody of the law for the benefit of his
creditors. * * * And it being well settled that goods in the custody of the
law are not liable to be distrained, it follows that the distress relied upon
by the appellee cannot be sustained; the property at the time having been
beyond its reach. That a claim for rent is of peculiar character, and may be
recovered in full, when other creditors of the tenant will be allowed a divi-
dend only of his estate, cannot be denied. But, we do not understand this to
be in consequence of the rent being, per se, a lien on goods found on the
premises. It is because the law allows the landlord to collect his rent by
seizing the property as a pledge, to be dealt with according to its require-
ments. * * * The legislation upon the subject indicates that rent was
never considered as possessing the attributes of a lien. If so, why was it
declared by the statute of Anne that sheriffs, levying executions, should sat-
isfy one year's rent? If rent was a lien before the statute, the property
passed to the sheriff, incumbered with the landlord's claim; and the plaintiff
in the execution could have had satisfaction only after payment of the rent.
* * * We do not think that this view of the subject deprives the landlord
of any peculiar right. The law has granted him a remedy enjoyed by no other
class of creditors. If he fails, when entitled, to avail himself of it, he has no
more reason to complain, if loss results, than has a judgment creditor who
neglects to sue out his fi. fa. and have it laid before his debtor becomes an
insolvent petitioner."

Nearly 40 years afterwards, in the case of Fox v. Merfeld, 81 Md.
80, 31 Atl. 583, decided in 1895, only three years before the enact-
ment of the present bankruptcy act, Buckey v. Snouffer was ex-
pressly affirmed. The landlord after the insolvent's application levied
a distraint for rent due before the application. The Court of Ap-
peals said:

"In no material respect does it differ from the case of Buckey v. Snouffer,
10 Md. 149 [69 Am. Dec. 129], which settled the law in this state, and has
only recently been approved by this court in Gaither v. Stockbridge, 67 Md.
228 [9 Atl. 632, 10 Atl. 309]. It is the declared doctrine in this state that,
when a debtor applies for the benefit of our insolvent laws, his property
passes in custodia legis for the benefit of his creditors, and, it being well
settled that goods in custodia legis are not liable to be distrained upon, it
follows necessarily that the distresses, or either of them, cannot be sustained,
as the property, at the time when the warrants were issued, had passed be-
yond the reach of any legal right to distrain. It is also clearly settled law
in this state that rent is not per se a lien on goods found on the demised
premises, unless the same have been seized under a legal distress. In this
case the rent had been due since the 15th of December, 1893, but Fox slept
upon his rights and allowed Coblens to apply for the benefit of the insolvent
law before he issued his first distress. He was then without a remedy, as
the property of the insolvent had passed into the custody of the law, subject
only to such liens or incumbrances as had been acquired before Coblens' ap-
plication. * * * It was contended at the hearing in this court that Buckey
v. Snouffer, supra, was decided when Acts 1805, c. 110, § 7, was in force, and
that the then terms of the act were wholly different to the provisions con-
tained in Acts 1854, c. 193, which is now codified as section 11 of article 47
of Code, and reads as follows: 'The estates of the insolvent shall be dis-
tributed under the order of the court according to the principles of equity,
and no creditor shall acquire a lien by fieri facias or attachment, unless the
same be levied before the filing of his petition.' It is insisted that this sec-

tion provides another and entirely different method for the distribution of the estates of insolvents. We have not, however, been referred to any authority sustaining this view, nor are we aware that distribution of estates in the insolvent courts has at any time, either in England or in this country, been made, save 'according to the principles of equity.' "

It is not contended on behalf of the landlord in this case that the Court of Appeals has ever reversed either of these decisions.

It is not claimed that, under the insolvent laws as administered in this state before the passage of the national bankrupt act, a landlord who did not distrain for rent before the filing of an insolvent petition was paid in preference to the other creditors. It is most earnestly urged, however, upon the court that the broad language of Buckey v. Snouffer and Fox v. Merfeld is obiter; that in each of these cases the landlord sought to distrain after the appointment of an insolvent trustee without first obtaining permission of the insolvent court; and that he could not do, the goods being in the custody of the law.

It is argued that if the landlord, instead of proceeding to distrain, had filed a petition in court asking leave either to distrain or to be allowed his rent, he would have been given one relief or the other.

I have personally examined the record in Fox v. Merfeld. It there appears that the landlord did file such a petition, and that its prayer was denied

The petitioner calls attention to a number of decisions in Maryland, as, for example: Washington v. Williamson, 23 Md. 244; Everett v. Neff, 28 Md. 176; Thomson v. Balto. & Susquehanna Steam Co., 33 Md. 312; Wanamaker v. Bowes, 36 Md. 42; Gaither v. Stockbridge, 67 Md. 224, 9 Atl. 632, 10 Atl. 309; Thompson Ry. Co. v. Young, 90 Md. 278, 44 Atl. 1024.

He argues that these cases apply principles which are in the opinion of the learned counsel for the landlord logically irreconcilable with the doctrine of Buckey v. Snouffer and Fox v. Merfeld. The difficulty in the way of this court accepting this contention is made manifest by the fact that the case principally relied on by counsel for the landlord is Gaither v. Stockbridge, 67 Md. 224, 9 Atl. 632, 10 Atl. 309, and that case the Court of Appeals of Maryland, in the subsequent case of Fox v Merfeld, said is in entire harmony with the doctrine which it enunciates in Fox v. Merfeld.

In the case of Gaither v. Stockbridge a receiver was appointed for the Duffy Malt Whisky Company on the 12th of November, 1886. He took possession of the goods and chattels on the landlord's property and remained in possession of them on such premises until the 22d of November, 1886. The goods were then sold, and on the 29th of November the receiver tendered possession of the warehouse to the landlord. An installment of rent fell due on the 1st of December. It was held that the landlord was not entitled to the payment of this rent out of the proceeds of the goods. In that case the court said, in discussing the various questions which arose, that the ordinary receiver of a court of chancery does not stand in the

same relation to the property. as does an assignee in bankruptcy or in insolvency. It adds:

"Where the goods of the lessee are remaining on the demised premises at or after the time when the rent becomes due, and the landlord seeks to exercise his right to distrain, and the only impediment to the exercise of that right is the possession of the court, by its receiver, it seems to be a settled rule of practice to order the receiver to pay the arrears of rent out of the proceeds of the property, or to permit the landlord to proceed with his distress, notwithstanding the possession of the receiver."

The text-writers and the decided cases all recognize that in Maryland a landlord who fails to exercise his right to distrain before insolvency proceedings are begun has no right to preferential payment. 2 Poe on Practice, § 810; Purnell on the Law of Insolvency in Maryland, § 127, p. 71; 2 Tiffany on Landlord & Tenant, § 1900, note 12; In re Gerson, 2 Am. Bankr. Rep. 175.

The industry of the learned counsel for the landlord has led him to examine the records of the chancery courts of first instance in Baltimore city and to show that it is their habitual practice, in cases where corporations are being wound up by receivers, to allow rent due and in arrear at the time of the appointment of a receiver to be paid as a preferred claim. For this practice, the distinction made by the Court of Appeals of the state between a receiver appointed by a court of chancery in the exercise of its ordinary jurisdiction and an assignee or trustee in insolvency is a sufficient explanation.

It may be that there is very little difference in effect between the winding up of an insolvent corporation by a chancery receiver and the winding up of an estate of an equally insolvent individual or corporation by a trustee in insolvency under the state law or a trustee in bankruptcy under the federal law. But the question is not what in the opinion of a federal judge the state law ought to be, but what it is. He may think that a distinction does not rest upon a real difference in principle, but if the distinction is well established in the state law so far as he is concerned that is the end of it. In so saying, I do not mean for one moment to intimate any opinion that the distinction taken by the courts of Maryland between the rights of a landlord to whom rent is due at the time of the appointment of a receiver and a landlord to whom rent is due at the time of the institution of proceedings in insolvency or bankruptcy is not well founded.

The counsel for the landlord calls attention to the fact that the Code of Maryland (sections 376 and 377 of article 23) provides that a bill may be filed by any creditor or stockholder against any corporation alleged to be insolvent, and if the allegations be sustained a receiver may be appointed and the corporation dissolved, and that:

"Whenever any such corporation shall have been adjudged to be dissolved, * * * all its property and assets of every description shall be distributed to the creditors of said corporation in the same manner that the property and assets of an insolvent debtor are distributed under the provisions of article 47 of the Code of Public General Laws, but no discharge shall be granted to said corporation."

Article 47 is the insolvent act.

He has found several cases in which, where corporations have been decreed to be dissolved, the equity courts of first instance in Baltimore city have allowed priority to rent claims.

It does not appear that the question as to whether the receiver in such case is the ordinary chancery receiver or is an official with the rights and duties of an insolvent trustee had been considered by the court. Certainly the Court of Appeals of Maryland has not as yet passed on or approved such practice.

He also calls attention to the case decided in this court under Bankruptcy Act March 2, 1867, c. 176, 14 Stat. 517, and reported as In re Rose, 20 Fed. Cas. 1176. In that case Judge Giles held the landlord's claim for rent to be entitled to preferential payment. The opinion is a very short one and seems to have been given without consideration of the Maryland cases.

The petition will therefore be dismissed.