WILLIAM THOMSON, Sheriff of Baltimore City, *vs.*
THE BALTIMORE AND SUSQUEHANNA STEAM
COMPANY. THE BALTIMORE AND SUSQUEHANNA
STEAM COMPANY *vs.* WILLIAM THOMSON, Sheriff
of Baltimore City.

*Statute* VIII *of Anne, chap.* 14, *sec.* 1—*Attachment
on Warrant—Sheriff protected by an Order of the
Court—Remedy of the Landlord for arrearages of
Rent.*

Under an attachment on warrant and the order of the Court thereon, certain goods and chattels of a tenant were seized and sold by the sheriff, without paying the arrears of rent due the landlord, after notice given under the Statute of VIII Anne, chap. 14, sec. 1. In an action against the sheriff by the landlord, HELD :

1st. That an attachment on warrant was not an execution within the meaning of the Statute of VIII Anne, ch. 14, sec. 1.

2d. That the order of the Court directing the sale of the property seized by the sheriff, fully justified him in making the sale, and he was not liable to any one for so doing.

3d. That the landlord having a *quasi* lien on the goods of his tenant subject to distress, for arrearages of rent, was entitled to claim out of the proceeds of the sale made by the sheriff, such an amount of rent in arrear as he could have legally demanded if the goods had been taken on execution; and his claim, if properly established, would have taken precedence of the debt for which the attachment issued.

CROSS APPEALS from the Superior Court of Baltimore
City.

This was an action on the case brought by The Baltimore
and Susquehanna Steam Company, the landlord of a lot of
ground and wharf in the city of Baltimore, against William
Thomson, sheriff of said city, for seizing and removing under
an attachment on warrant against The Commercial Steamboat
Company, certain goods and chattels of said company, being

on the premises of which it was the tenant, without paying a month's rent due to the plaintiff as landlord, after due notice given, under the Statute of VIII Anne, ch. 14, sec. 1.

The defendant pleaded:

1st. Not guilty.

2d. That The Commercial Steamboat Company was not the tenant of the plaintiff.

3d. That he did not remove the goods from the premises.

4th. That the attachment on warrant was not an execution.

5th. That he sold the goods under an order of the Court passed in the attachment cause; and that afterwards the Court rendered judgment condemning said goods to the use of the attaching creditors.

On the first, second and third pleas issue was joined; to the fourth and fifth the plaintiff demurred. The Court sustained the demurrer and the defendant appealed.

At the trial the plaintiff offered in evidence a lease of the premises from the plaintiff to John R. Bacon, dated 28th July, 1865, a notice from the plaintiff to the defendant, dated April 20th, 1866, claiming one month's rent as due on the 1st of April by John R. Bacon, and another notice dated the 11th of May, claiming that one month's additional rent was due by the Commercial Steamboat Company to the plaintiff on the first instant. The plaintiff also produced the writ of attachment, issued 19th of April, 1866—the sheriff's return showing the levy, and also reporting to the Court the landlord's notice of rent, the order of the Court, dated 8th of May, 1866, requiring the sheriff to sell the property and bring the proceeds into Court, to be deposited to the credit of the cause, and the writ of execution, dated 3d of October, 1866, founded on the judgment of condemnation. The plaintiff also proved that the premises had been used by the Commercial Steamboat Company, and that the previous instalments of rent had been paid by its checks, but the witness did not know whether the bills had been

made out against Bacon or the Commercial Steamboat Company. The defendant then offered in evidence a distraint warrant against John R. Bacon for the rent which had accrued on the 1st of April, and a levy under said distraint warrant upon other property than that taken under the attachment, of sufficient value to pay the rent, which property so distrained on had been replevied.

Instructions to the jury were asked by both parties—both parties excepted to the ruling of the Court on the prayers and to the instruction which it gave; and both parties appealed.

The cause was argued before BARTOL, C. J., BRENT, MAULSBY, MILLER and ALVEY, J.

*George H. Williams,* for the Baltimore and Susquehanna Steam Company.

If the jury believed that the plaintiff below was landlord of the premises, and that the two notices were given to the sheriff prior to his sale, duly verified as prescribed by the 21st section of Article 53 of the Code, then it was his duty to withdraw, unless the rent was paid. *Calvert vs Joliffe,* 2 *Barn. & Adol.,* (22 *E. C. Law,*) 418.

The Statute of 8 Anne, chapter 14, applies to all executions whatsoever. *Archbold's Land. & T.,* 252, (*margin.*)

Under the notices the sheriff was liable on the removal. *Colyer vs. Speer,* 2 *Brod. & B.,* 67 ; *Foster vs. Hilton,* 1 *Dowling,* 35.

The suit was not brought for selling the goods, but for "removal after notice;" and the removal by the sheriff's vendees, was a removal by the sheriff. *Smallwood vs. Pollard,* 6 *Mann. & G.,* 1001, (46 *Eng. C. Law,*) cited with approbation, in *Cloud vs. Needles,* 6 *Md.,* 505. And the Court's order was no protection. *Trieber vs. Blocher,* 10 *Md.,* 21.

*T. Wallis Blakistone* and *John H. Thomas,* for William Thomson.

Seizure of goods under an attachment on warrant is not within the prohibitions of the Statute. *Fisher vs. Johnson,* 6 *Gill,* 359, 360, 361, 362.

The language of the Statute only embraces *executions.* An attachment on warrant is not an execution. Even attachments on judgment are not considered as embraced by the general term *executions* used in a statute. *Harden vs. Moores,* 7 *H. & J.,* 4.

Rights of all kinds may be asserted against goods seized under an attachment on warrant, or against the proceeds of them. The landlord loses nothing by such a seizure. Courts do not extend statutes to cases not within the mischief intended to be prevented, or the good to be accomplished by them. *Brien vs. Calwell,* 16 *Md.,* 122 ; 3 *Robinson's Practice,* 348; *Davis vs. The Commonwealth for Leon,* 13 *Grattan,* 144.

Seizure of goods alone, even under an execution, is not a violation of the Statute. The officer is not liable unless he also *removes* them. *Washington vs. Williamson,* 23 *Md.,* 244, 251.

Removal by purchasers is not, on principle, sufficient to establish the liability of the officer. When he delivers possession, the goods are no longer in *custodia legis,* and may be distrained.

The sheriff was bound to obey the order of the Court directing him to sell the property, passed, as it was, with notice of the plaintiff's claim and rights, and cannot be punished for discharging that official duty. *Ranahan vs. O'Neale,* 6 *G. & J.,* 298; *Trieber vs. Blocher,* 10 *Md.,* 14; *Cecil vs. Cecil,* 19 *Md.,* 79; *Chicago City vs. Robins,* 2 *Black,* 418; *Robbins vs. Chicago City,* 4 *Wallace,* 677.

The order directed the sheriff to bring in the proceeds of the goods to abide the result of the suit. The judgment of condemnation was a judgment *in rem,* binding on all the

world. The sheriff paid the money in pursuance of a *fieri facias* issued on it. *Green vs. Van Buskirk,* 7 *Wallace,* 139.

A distraint having been issued for the rent due at the time of the sheriff's seizure, and levied upon property more than sufficient to cover it, a second distraint therefor could not have been issued. The plaintiff was not entitled to vex his tenant twice in the same way, and at the same time, for the same cause of action. The defendant did not prejudice the plaintiff as to that rent, and the plaintiff is not entitled to recover in this action without averring and proving that it was injured in reference to the rent then due. It can not recover for any that accrued afterwards. *Archbold's Land. & Tenant,* 304, 305, (53 *Law Lib.;*) *Taylor's Land. & Tenant,* secs. 603, 733; *Washington vs. Williamson,* 23 *Md.,* 244, 252.

ALVEY, J., delivered the opinion of the Court.

This is a special action on the case against a sheriff for seizing and selling the goods and chattels of a tenant under and by virtue of an attachment on warrant, and the order of the Court thereon, without paying the arrears of rent due the landlord, after due notice given under the Statute of 8 Anne, chapter 14, section 1. And the first and most material question is, can the action be maintained?

It is contended, on the part of the defendant, that the action does not lie against him, because the attachment proceeding under which he acted is not embraced or contemplated by the Statute on which the action is founded; that an attachment on warrant is not an execution within the meaning of the Statute of Anne.

The Statute referred to is entitled, " an act for the better security of rents," &c., and provides " that no goods or chattels whatsoever, lying or being in or upon any messuage, lands, or tenements which are or shall be leased for life or lives, terms of years, at will or otherwise, shall be liable to be taken by virtue of *any execution* on any pretence whatsoever, unless the party at whose suit the said execution is

sued out, shall, *before the removal* of such goods from off the premises, by virtue of such execution or extent, pay to the landlord of the said premises, or his bailiff, all such sum or sums of money as are or shall be due for rent for the said premises at the time of the taking such goods or chattels by virtue of such execution;" and if more than one year's rent is due, " then the said party, at whose suit such execution is sued out, paying the said landlord, or his bailiff, one year's rent, may proceed to execute his *judgment* as he might have done before the making of this act; and the sheriff or other officer is empowered *and required* to levy and pay to the plaintiff as well the money so paid for rent, as the execution money."

It is not difficult to perceive that the provisions of this Statute are such as cannot well be adapted to the course of proceedings on attachment. The seizure of property under an attachment is not by way of execution, in the ordinary sense of that term, but is simply in execution of a power delegated to the officer to impound such property of the debtor as may be required to answer the demand of the creditor, to be subject to the judgment of condemnation of the Court issuing the process. If the debt or demand upon which the attachment is founded be not sustained, of course, no judgment of condemnation is rendered, and the property is released and again restored to the possession of its owner. The sheriff, upon laying the attachment, has no power to sell the property seized, unless it be by the express order of the Court; and if the arrears of rent were required to be paid as a condition to rendering the property subject to the attachment, the sheriff, not being authorized to sell under the process in his hands, could not levy and pay to the plaintiff " as well the money so paid for rent, as the execution money," as required by the Statute; and, consequently, the plaintiff would be deprived of the means provided for re-imbursing him the money paid to the landlord.

In the case of *Fisher vs. Johnson*, 6 *Gill*, 354, it was decided by the late Chief Justice LE GRAND, then an associate

Judge of the Baltimore County Court, that an attachment on warrant was not an execution within the meaning of the Statute of Anne; and upon appeal, while the question does not appear to have been considered by the Court of Appeals, it was expressly conceded and asserted by counsel on both sides, that such an attachment could not be considered an execution; and of the correctness of that proposition we think there can be no doubt. Indeed, an attachment has but few of the attributes of an execution; the execution contemplated by the Statute being the judicial process for obtaining the debt or damages recovered by judgment, and final in its character, while the attachment is but *mesne* process, liable at any time to be dissolved, and the judgment upon which may or may not effect the property seized.

Nor do we concur in the position of the plaintiff in this case, that the sale of the property seized by the sheriff, under the order of the Court, rendered the officer liable to this action under the Statute, as if the goods were seized and removed under an execution. The order of Court was authorized simply as a means of preserving perishable property from loss pending the attachment, and the sheriff was bound to execute it, and he is not liable to any one for so doing. The order, having been made by competent authority, afforded full justification to the sheriff for making the sale. The proceeds of sale remained subject to the final judgment of the Court; and all persons having superior claims to the property to that given the plaintiff in the attachment to render such property specifically liable for his debt, with knowledge of the pendency of the attachment proceeding, were bound to come in and assert their claim before condemnation; for the sheriff can neither be held liable for selling the property before judgment of condemnation under an order of Court, nor after such judgment, under a *fi. fa.* issued thereon. *Trieber vs. Blocher*, 10 *Md.*, 14. And in a case like the present, although the officer be not liable as for seizing and removing the goods of a tenant under an execution, to the prejudice of the landlord's claim

for rent, yet, by analogy to cases that have been decided to be within the equity of the Statute, we think the landlord is not without remedy. After the seizure of goods under an attachment and before sale, they are in the custody of the law, and, consequently, cannot be distrained, because the party distraining cannot legally take them into his own possession. But still, the landlord has a *quasi* lien on the goods of his tenant subject to distress, even before distress levied, for arrearages of rent; (*Henchett vs. Kimpson*, 2 *Wils.*, 140; *Dixon vs. Smith*, 1 *Swanst.*, 457;) and as the seizure and condemnation under the attachment may deprive the landlord of his remedy by distress, if there be not sufficient goods left remaining to satisfy his demand, he should be allowed to come in and claim for such an amount of rent in arrear as he could have legally demanded if the goods had been taken on execution. Such demand, if properly established, will take precedence of the debt or claim for which the attachment issued, and, out of the proceeds of the property condemned, will be entitled to be first paid. This mode of proceeding is analagous to that allowed in cases of executions levied, where the landlord, instead of suing the sheriff, is awarded his claim for rent out of the money realized on the execution by motion in Court. 2 *Tidd's Prac.*, 1016; *Henchett vs. Kimpson*, 2 *Wils.*, 140; *Washington vs. Williamson*, 23 *Md.*, 244.

It results from the view that we have taken of this case, that the action is not maintainable, and consequently the judgment on the appeal of the defendant below will be reversed, and judgment entered for him; and as to the appeal of the plaintiff below, that will be dismissed.

> *Judgment reversed, and judgment for*
> *the defendant below; and appeal*
> *of plaintiff below dismissed.*

(Decided 2d December, 1870.)