White *vs.* Hoeninghaus and Curtiss.

(Decided 25th March, 1891.)

---

HENRY WHITE and JULIAN LE ROY WHITE, Landlords and claimants of Rent from SOLOMON BROWN *vs.* FRITZ HOENINGHAUS and HENRY W. CURTISS, copartners, trading as HOENINGHAUS and CURTISS.

*Distraint for Rent—Goods seized under Attachment.*

Where goods are removed from the leased premises by the sheriff under an attachment on original process against the tenant, no rent being due at the time, the landlord has no right, under section 18 of Article 53 of the Code, to follow and distrain upon such goods.

White *vs.* Hoeninghaus and Curtiss.

APPEAL from the Baltimore City Court.

Solomon Brown was the tenant of the appellants of certain premises in the City of Baltimore at a yearly rental of $2500, payable in quarterly instalments on the first day of April, July, October and January respectively. A quarter's rent became due and payable on the 1st of January, 1888. About the 3rd of December, 1887, the sheriff of Baltimore City, under a writ of attachment issued at the instance of the appellees, seized certain goods and chattels found upon the demised premises, and carried them away, and had possession of them when the rent fell due. On the 5th of January, 1888, the appellants served a formal notice upon the sheriff, of their claim for rent. The goods removed by the sheriff were subsequently sold under an order of the Baltimore City Court, and the net proceeds were deposited in Court. The appellants filed their petition in said Court for the allowance of their claim. The Court dismissed their petition, and this appeal was taken.

The cause was submitted on briefs to ALVEY, C. J., MILLER, ROBINSON, IRVING, BRYAN, FOWLER, McSHERRY, and BRISCOE, J.

*George R. Gaither, Jr.,* for the appellants.

*Willoughby N. Smith,* and *Wm. Pinkney Whyte, Attorney-General,* for the appellees.

ROBINSON, J., delivered the opinion of the Court.

The question in this case turns upon the construction of sec. 18 of Art. 53 of the Code, which provides that "whenever property shall be removed from the premises within sixty days prior or subsequent to the time when the rent has or will become due, and whether such removal be by night or day, it shall be lawful for the

landlord to follow, seize, and sell such property under distress, for the rent due, at any time within sixty days after the time, when the rent becomes due; provided, that such property shall not have been sold to a *bona fide* purchaser without notice, or taken in execution."

This section is a codification of the Act of 1826, chap. 266, which provided that all removals of personal property owned by any tenant, and removed by said tenant, or by his or her order and direction, from the premises occupied by said tenant, and for the occupation of which rent shall be due, or about to become due, if the said property be removed as aforesaid within thirty days before the time said rent will become due, the said removal, whether by day or night, shall be considered a clandestine removal, and the property so removed shall be liable to be followed and distrained, &c. By the Act of 1842, the landlord's right to follow and distrain upon the property removed was extended to sixty days.

At common law the landlord could not distrain upon goods or chattels, unless they were found upon the rented premises, and the object of our statute, like the Statute of 11 George II, ch. 19, was to enable the landlord to follow and distrain upon the goods of the tenant after they had been removed. But the removal of the goods contemplated by the Act is a removal by the tenant, or by some one in privity with him. This the Act of 1826 declares in explicit terms: "All removals of personal property owned by any tenant, and removed by said tenant, or by his or her order and direction." Such removals, whether by day or night, were declared to be *clandestine removals,* and the landlord had the right to follow and distrain upon the goods thus removed at any time within sixty days. But in this case the goods and chattels of the tenant were taken by the sheriff under an attachment on original process, and were removed by him from the premises before any rent was due to the landlord. They

were not, therefore, removed by the tenant or by his order and direction, within the meaning of the Code. Being taken under an attachment, they were in the *custody* of the law, and were not, therefore, liable to distraint. If any rent had been due at the time the tenant's goods were taken by the sheriff under the attachment, then the landlord under the decision in *Thomson vs. The Baltimore and Susquehanna Steam Co.,* 33 *Md.,* 319, would have been entitled to the payment of such rent, just as if the tenant's goods had been taken on execution under the Statute of 8 Anne, ch. 14.

As no rent, however, was due, the landlord had no lien, legal or equitable, upon the property of the tenant; and, this being so, he had no lien or claim upon the proceeds arising from the sale of the tenant's goods under the attachment. And the goods having been removed from the rented premises by the sheriff under an attachment, and not by the tenant, the landlord has no right under sec. 18. of Art. 53 of the Code, to follow and distrain upon such goods.

*Order affirmed.*

