MOSES FOX vs. LOUIS MERFELD, Trustee, etc.

*Landlord and Tenant—Distraint for Rent Issued after Application in Insolvency.*

When, at the time a distraint is issued by a landlord, the tenant had applied for the benefit of the insolvent law, his property cannot be taken under the distress for rent due at the time of the application.

When a debtor applies for the benefit of the insolvent law, his property passes *in custodia legis* for the benefit of all of his creditors.

Appeal from an order of the Court of Common Pleas of Baltimore City, in Insolvency (PHELPS, J.) The case is stated in the opinion of the Court.

The cause was argued before ROBINSON, C. J., BRYAN, McSHERRY, FOWLER, BRISCOE, PAGE and ROBERTS, JJ.

*Thos. R. Clindinen,* for the appellant.

*Martin Lehmayer,* for the appellee.

ROBERTS, J., delivered the opinion of the Court.

This appeal is taken from an order of the Court of Common Pleas of Baltimore City, passed in the case of Charles Coblens, an insolvent. The facts are substantially as follows: On the 22nd day of December, 1893, Charles Coblens filed his petition in the Court of Common Pleas to obtain the benefit of the insolvent laws of the State ot Maryland. On the same day Louis Merfeld was appointed preliminary trustee, to whom the petitioner conveyed all of his property, in trust, for the benefit of his creditors. At the time of filing his said petition, the petitioner was occupying, as tenant of Moses Fox, certain premises on Wilson street, in said city, and was then over four months in arrear for rent due and unpaid. The petitioner, at the time of his assignment,

was conducting on said premises a livery stable, and en-
gaged in the business of boarding horses, and had in his
possession a number of horses and carriages belonging to
his customers, as well as certain property belonging to him-
self. The preliminary trustee, on the day of his appoint-
ment, filed his petition in said Court, calling the Court's
attention to the facts just stated, and to the further fact that
Coblens was in arrear for unpaid rent, and requested an order
of Court authorizing him to return to the respective owners
their several horses and carriages and to remove from the
demised premises all property belonging to the insolvent;
which order the Court passed, authorizing the trustee to de-
liver the horses and carriages to the owners thereof, and direct-
ing the removal of the property of the insolvent estate and
hold the same subject to the further order of the Court. On
the day following, Moses Fox, the owner of the premises on
Wilson street, issued a distraint under which he seized all the
property remaining on the premises at the time of levying
the distress, which consisted of a horse, buggy and dayton.
Fox, on the same day, issued another distress under Art.
53, sec. 18 of Code, for the purpose of reaching the prop-
erty which had been removed from said premises, and seized
certain other property of the insolvent. Subsequently it
was agreed between the parties to this controversy that the
trustee in insolvency should sell all the property of the in-
solvent, subject to any lien which the Court might find Fox
had acquired by virtue of his two distresses. The property
was accordingly sold by the trustee, and the question was
then argued and determined by the Court below that Fox
had acquired no lien by the levy of the distresses, and that
he only stood in the position of a general creditor. The
question now to be decided is one free of serious difficulty.
In no material respect does it differ from the case of
*Buckey* v. *Snouffer,* 10 Md. 149, which settled the law
in this State, and has only recently been approved by
this Court in *Gaither* v. *Stockbridge,* 67 Md. 228. It is the
declared doctrine in this State that when a debtor applies

for the benefit of our insolvent laws, his property passes *in custodia legis* for the benefit of his creditors, and it being well settled that goods *in custodia legis* are not liable to be distrained upon, it follows necessarily that the distresses, or either of them, cannot be sustained, as the property, at the time when the warrants were issued, had passed beyond the reach of any legal right to distrain. It *is* also clearly settled law in this state, that rent is not *per se* a lien on goods found on the demised premises, unless the same have been seized under a legal distress. In this case the rent had been due since the 15th of December, 1893, but Fox slept upon his rights and allowed Coblens to apply for the benefit of the insolvent law before he issued his first distress. He was then without a remedy, as the property of the insolvent had passed into the custody of the law, subject only to such liens or incumbrances as had been acquired before Coblens' application. Of course the second distress, under the provisions of Art. 52, sec. 18 of Code, occupies no better position than the first, and both are without authority of law to sustain them.

It was contended at the hearing in this Court, that *Buckey* v. *Snouffer, supra,* was decided when the Act of 1805, ch. 110, sec. 7, was in force, and that the then terms of the Act were wholly different to the provisions contained in the Act of 1854, ch. 193, which is now codified as sec. 11 of Art. 47 of Code, and reads as follows : " The estates of the insolvent shall be distributed under the order of the Court according to the *principles of Equity,* and no creditor shall acquire a lien by *fieri facias* or attachment, unless the same be levied before the filing of his petition." It is insisted that this section provides another and entirely different method for the distribution of the estates of insolvents. We have not, however, been referred to any authority sustaining this view, nor are we aware that distribution of estates in the insolvent Courts has at any time, either in England or in this country, been made, save " *according to the principles of equity.*"

A quarter of a century before the decision of *Buckey* v. *Snouffer*, it was announced by this Court, after a most careful examination of the English and American cases, that the proper rule for the distribution of the estates of insolvents was "according to the principles of equity." *McCullough* v. *Dashiell's, Admr.,* 1 Harris and Gill, 96. We find no error in the order of the Court below, and therefore affirm it.

*Order affirmed with costs.*