### In re SOUTHERN CO. OF BALTIMORE CITY.

(District Court, D. Maryland. April 4, 1904.)

1. BANKRUPTCY (§ 350*)—CLAIMS—RENT—PRIORITY—WHAT LAW GOVERNS.

Whether a landlord's claim for rent accrued at the time of adjudication is entitled to priority in bankruptcy depends on whether it is entitled to priority under the laws of the state by virtue of the provision of the bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]), giving priority to debts owing to any person who by the laws of the states or the United States is entitled to priority.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 537; Dec. Dig. § 350.*]

2. BANKRUPTCY (§ 350*)—CLAIM OF LANDLORD—RENT—PRIORITY.

Under Code Pub. Gen. Laws Md. 1888, art. 47, § 11, providing that the estate of an insolvent shall be distributed according to the principles of equity, and no creditor shall acquire a lien by fieri facias or attachment, unless the same be levied before the filing of his petition, a landlord not having priority for rent accrued prior to the adjudication of the tenant in bankruptcy was not entitled to a lien therefor under St. 8 Anne, c. 14, § 1, declaring that, before any chattels shall be removed from the premises by virtue of any execution thereon, rent accrued for a period not exceeding one year shall be paid, and hence the landlord was not entitled to payment of accrued rent out of the sale of assets distrainable by the bankrupt's trustees.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 537; Dec. Dig. § 350.*]

In re Southern Company of Baltimore City, bankrupt. Claim of landlord for priority for rent due at the time of adjudication. Denied.

Leon E. Greenbaum, for landlord.

Robert W. Mobray and Paul M. Burnett, for receiver.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

MORRIS, District Judge. The bankrupt corporation was lessee of a hotel building in Baltimore City and owed the landlord $875 rent which had fallen due before the date of the adjudication and remained unpaid. There was sufficient chattel property on the premises subject to distraint to have satisfied the rent if the landlord had exercised his remedy by distraint. The chattels were taken into possession by the receivers appointed by this court and sold under orders of court, and the landlord now petitions to be paid out of the proceeds.

The landlord claims that growing out of his right to distrain he has a quasi lien recognized by the statute of 8 Anne, c. 14, § 1, which is in force in Maryland, requiring that before any chattels shall be removed from the premises by virtue of any execution there shall be paid the rent due, not exceeding one year's rent. It is quite true, as urged by counsel for the landlord in this petition, that in several federal cases under similar statutes it has been held that in bankruptcy proceedings the landlord was entitled to priority.

In Longstreth v. Pennock, 20 Wall. 575, 22 L. Ed. 451, under a statute of Pennsylvania similar to 8 Anne, it was held that the seizure of the chattels under proceedings in bankruptcy was in the nature of an execution and was within the equity of the statute, and that the landlord's claim was rightly given a preference. It was held to be a question of the local law of Pennsylvania.

In Re Wynne, 4 N. B. R. 23–29, Fed. Cas. No. 18,117, Chief Justice Chase sitting in the Circuit Court for Virginia held that the question was whether or not there was a lien under the state law and ruled that under a statute of Virginia quite similar to the statute of Anne the landlord had a lien of a high and peculiar character.

In Re Trim, 5 N. B. R. 23, Fed. Cas. No. 14,174, it was held by District Judge Bryan that in South Carolina, under the statute of Anne as interpreted in that state, the landlord had priority.

In Re Mitchell, 8 Am. Bankr. Rep. 328, 116 Fed. 87, it was held by District Judge Bradford, after very careful consideration, that under a similar statute in Delaware as against the assignee in bankruptcy the landlord was entitled to priority.

In Malcomson v. Wappoo Mills (C. C.) 85 Fed. 910, where receivers appointed in an equity suit had taken possession of chattel property, Circuit Judge Simonton held that under the statute of Anne, re-enacted in South Carolina, receivers in an equity suit must accord priority to the landlord's claim for rent due.

The present case, however, must be determined by the Maryland law, and the Maryland law is what the Court of Appeals of Maryland has declared it to be. The bankrupt act gives priority to "debts owing to any person who by the laws of the states or the United States is entitled to priority."

If the landlord is not entitled to priority under the state law, he is not entitled to priority under the bankrupt law.

The Maryland law has been so clearly announced by the Court of Appeals of Maryland that it presents no difficulty. In Buckey v. Snouffer (1856) 10 Md. 149–155, 69 Am. Dec. 129, it was held, in a case arising under the state insolvent laws, that a claim for rent due

at the time of the insolvent's application without a previous levy was not a lien on goods found on the premises and was not entitled to priority. The court said:

"Whatever may be the law elsewhere, in this state when a debtor applied for the benefit of the insolvent laws under Acts 1805, c. 110, and its supplements, his property came under the custody of the law for the benefit of his creditors. And it being well settled that goods in the custody of the law are not liable to be distrained, it follows that the distress relied upon by the appellee cannot be sustained; the property at the time having been beyond its reach. That a claim for rent is of a peculiar character and may be recovered in full, when other creditors of the tenant will be allowed only a dividend of his estate, cannot be denied. But we do not understand this to be, in consequence of the rent being, per se, a lien on goods found on the premises. It is because the law allows the landlord to collect his rent by seizing the property as a pledge to be dealt with according to its requirements. The legislation upon the subject indicates that rent was never considered as possessing the attributes of a lien. If so, why was it declared by the statute of Anne that sheriffs levying executions should satisfy one year's rent? If rent was a lien before the statute, the property passed to the sheriff incumbered with the landlord's claim; and the plaintiff on the execution could have had satisfaction only after payment of the rent. But we think Acts 1805, § 7, is decisive of the question. It gives priority to judgments, incumbrances, and liens; but it declares also that no process against the property shall have any effect thereon, except writs of fi. fa actually and bona fide laid before the time of the application. Whether a distress for rent levied before that time is process within the intent of the act does not arise on the appeal. Nor would such a construction aid the appellee, because he made no such distress. We do not think that this view of the subject deprives the landlord of any peculiar right. The law has granted him a remedy enjoyed by no other class of creditors. If he fails when entitled to avail himself of it, he has no more reason to complain if loss results than has a judgment creditor who neglects to sue out his fi. fa. and have it laid before his debtor becomes an insolvent petitioner."

Gaither v. Stockbridge (1887) 67 Md. 222, 9 Atl. 632, 10 Atl. 309, was a Maryland case where receivers had been appointed for an insolvent corporation by an equity court on November 12th. A quarter's installment of rent fell due on December 1st, a few days after the goods had been sold by the receivers and removed. It was held that the receivers had not made themselves liable for the whole quarter's rent and that the landlord was only a general creditor; that before any quasi lien for rent could exist in Maryland under the statute of Anne the rent must be due and the goods remain subject to distress by the landlord.

In Fox v. Merfeld (1895) 81 Md. 80, 31 Atl. 583, the rule announced in Buckey v. Snouffer was reaffirmed. This was a case in insolvency. The landlord, after the insolvent's application, levied a distraint for rent due before the application. The Maryland Court of Appeals, commenting on the case, said:

"In no material respect does it differ from the case of Buckey v. Snouffer, 10 Md. 149 [69 Am. Dec. 129], which has only recently been approved by this court in Gaither v. Stockbridge, 67 Md. 228 [9 Atl. 632, 10 Atl. 309]. It is the declared doctrine of this state that when a debtor applies for the benefit of our insolvent laws his property passes for the benefit of his creditors, and, it being well settled that goods in custodia legis are not liable to be distrained upon, it follows necessarily that the distresses or either of them cannot be sustained as the property at the time the warrants were issued had passed beyond the reach of any legal right to distrain. It is also

clearly settled law of this state that rent is not per se a lien on goods found on the demised premises unless the same have been seized under a legal distress. In this case the rent had been due since the 15th of December, 1893, but Fox slept upon his rights and allowed Coblens to apply for the benefit of the insolvent law before he issued his first distress. He was without a remedy, as the property of the insolvent had passed into the custody of the law subject only to such liens or incumbrances as had been acquired before Coblens' application. It was contended at the hearing in this court that Buckey v. Snouffer, supra, was decided when Acts 1805, c. 110, § 7, was in force, and that the then terms of the act were wholly different to the provisions contained in Acts 1854, c. 193, which is now codified as section 11, art. 47, of the Code, and reads as follows: 'The estate of the insolvent shall be distributed according to the principles of equity, and no creditor shall acquire a lien by fieri facias or attachment, unless the same be levied before the filing of his petition.' We have not, however, been referred to any authority entertaining this view, nor are we aware that the distribution of estates in the insolvent courts has at any time, either in England or in this country, been made, save 'according to the principles of equity.' "

The reasoning on which the Maryland Court of Appeals has declared that in Maryland under the state insolvent laws no priority can be accorded to the landlord's claim for rent, when no distress has been taken prior to the filing of the petition, applies with at least equal if not greater force to proceedings under the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]) when administered in Maryland.

The petition must be dismissed.