## GAY INVESTMENT COMPANY *v.* COMI

[No. 76, September Term, 1962.]

434

Decided January 22, 1963.

The cause was argued before HENDERSON, HAMMOND, HORNEY, MARBURY and SYBERT, JJ.

*Joseph B. Axelman,* with whom was *Ellsworth H. Steinberg* on the brief, for appellant.

*Charles C. W. Atwater,* with whom were *Mylander & Atwater* and *Thomas A. Garland* on the brief, for appellee.

MARBURY, J., delivered the opinion of the Court.

This appeal and cross-appeal involve exceptions by the landlord, appellee and cross-appellant, to the ratification of sale by a trustee in a proceeding for foreclosure of a chattel mortgage covering property of a tenant. The chancellor decreed the payment to the landlord of $1200, the amount of his rent in arrears, out of $1377.85, the proceeds of sale, but that the costs of the sale were to be deducted from the proceeds before payment to the landlord. From that part of the decree giving the landlord priority, the mortgagee has appealed, and from that portion ordering payment of costs out of the proceeds before payment of the past due rent, the landlord has cross-appealed.

On November 15, 1960, Eden Corporation purchased a tavern business from Dominic Frasca, located at 216 South Eden Street, Baltimore City. On the same day, Eden executed a chattel mortgage to appellant, the Gay Investment Company, in the amount of $4200, the proceeds of which were used as part of the purchase price paid to Frasca. Also on the same day, a lease was executed by the appellee, Comi, the owner of the premises, to Eden for a term of five years, beginning November 15, 1960, providing for a monthly rental of $200, payable in advance on the 15th day of each month. A bill of sale from Frasca to Eden, the chattel mortgage, and lease were all executed simultaneously in the office of the landlord's attorney. Eden made only the November 15, 1960, rental payment. Foreclosure proceedings were instituted by

appellant on May 17, 1961, and a decree for sale was entered on that date, appointing one Axelman, attorney for appellant, as trustee to make the sale and providing for notice of ten days by advertisement in a Baltimore newspaper, and that delivery of the chattels should be made upon obtaining the court's ratification of sale and the payment of the whole purchase money, and not before. The first notice of sale was published on May 28, in the Sunday Sun, such notice stating that the sale would be held Tuesday, June 6, 1961, at 2:00 P. M. A sign was posted on the premises to the same effect. According to the testimony subsequently, on May 31, 1961, the advertisements were changed, setting the time at 10:00 A. M., but on the same day. The sign was similarly altered. Comi had actual notice of the original time and date, but did not know of the change in the time. The sale was actually held on June 6, 1961, at 10:00 A. M. and Comi did not attend, having made arrangements to be present at 2:00 P. M. The chattels, consisting of normal trade fixtures and furnishings of a tavern business, were sold and delivered immediately into the hands of the buyers, and were removed from the premises. Exceptions to the ratification of sale were filed on June 8, 1961, by Comi on the basis that the notice of the sale was defective in that it was misleading and not in accordance with the decree for sale. He also claimed as landlord a prior lien upon the same chattels of the tenant for rent in arrears in the amount of $1200 for the six installments becoming due December 15, 1960, to and including May 15, 1961. The report of sale having been filed June 14, 1961, showing the proceeds amounting to $1377.85, Comi in his exceptions asked that the sale be set aside, or in the alternative that he be decreed to have a prior lien to the extent of the rent in arrears at the time the trustee took possession of the chattels, and that such rent be decreed to be a first lien upon and be paid out of the proceeds of sale.

Judge Cullen heard testimony and on February 16, 1962, filed a memorandum opinion holding that the landlord had priority to the chattel mortgagee, and upon the payment to him of his rent in arrears that the sale would be ratified. In accordance with the opinion the court entered its decree on

February 20, 1962, whereby the trustee was directed to pay the sum of $1200 to the landlord, but that the expenses be deducted before such payment, which would have the effect of reducing the landlord's allowance by approximately $200.

The principal questions presented in this case may be summarized as follows: (1) Is the claim of the appellee and cross-appellant (the landlord) entitled to precedence over the claim of the appellant and cross-appellee (the chattel mortgagee) either through the landlord's right to distrain or by the provisions of the Statute of 8 Anne, Chapter 14, and (2) should a judicial sale, not held in strict conformance with the decree of sale, be confirmed?

A landlord's right to distrain upon property located on the premises he has leased in order to secure his rent in arrears is not in the nature of a true lien, it is a right that must ordinarily be perfected by seizure. In re *Chaudron & Peyton,* 180 F. 841, 844 (D.C. Md.), citing *Fox v. Merfeld,* 81 Md. 80, 31 Atl. 583; In re *Southern Co.,* 180 F. 838, 840 (D.C. Md.), citing *Buckey v. Snouffer,* 10 Md. 149.

*Thomson v. Baltimore and Susquehanna Steam Co.,* 33 Md. 312, involved a factual situation somewhat similar to this case, but there the claim was against the sheriff who had seized and sold the goods and chattels of a tenant by virtue of an attachment for the benefit of creditors of the tenant. The Court held that the landlord did not come fully within the literal terms of the Statute of 8 Anne, Chapter 14, which may be found in 2 Alexander's British Statutes (Coe's 2d Ed.), 921, and is in effect in Maryland, since an attachment such as was made was not an "execution." The statute basically provides that no goods or chattels shall be taken by virtue of *execution* from the land owned by the landlord until the party who has sued out the execution pays up to one year's rent in arrears to the landlord, if such rent is due and owing by the tenant. The Court found that the landlord could still have his remedy by coming in and properly making his demand, and that he would have priority in the proceeds of the sale. 2 Poe, *Pleading and Practice,* § 633.

On the basis of the *Thomson* case, we hold that the land-

lord here still may avail himself of his quasi-lien, unless he is prohibited from doing so by some statutory exemption.

Code (1957), Article 53, § 18 designates property exempt from distress. In part, it provides that if the property distrained upon is being purchased by means of a purchase money mortgage under the terms of Code (1957), Article 21, §§ 41-51, it shall be the duty of the landlord to ascertain such fact and if he finds the property to be so mortgaged, to pay the chattel mortgagee the balance due under the mortgage or to release such property from the distraint. Appellant contends that there is such a purchase money mortgage involved in this case but we disagree.

In *Heuisler v. Nickum*, 38 Md. 270, at 279, it was held that the term "purchase money" does "not include any money that may be borrowed to complete a purchase, but that which is stipulated to be paid by the purchaser to the vendor, as between them only it is purchase money; as between the purchaser and lender, it is borrowed money.". The rule of that case has been changed as to lands and chattels real by Section 4 of Article 66 of the Code (1957), but that statute does not apply to mortgages of chattels. The maxim *"expressio unius est exclusio alterius"*—the expression of one thing is the exclusion of another—applies. The rule of *Heuisler v. Nickum* remains unchanged as to personal property. We, therefore, hold that the mortgage in this case was not a purchase money chattel mortgage and hence property subject thereto is not exempt from distress by virtue of Section 18 of Article 53 of the Code.

Appellant also contends that since the property in question was in *custodia legis,* it was exempt from distraint. *Mears v. Perine,* 156 Md. 56, 143 Atl. 591, 62 A.L.R. 1100. In the *Mears* case, the chattels in question were not those of the tenant, but were those of a third party on the premises of the tenant. The goods and chattels in the instant case had been sold and delivered to the purchaser and it is immaterial whether they were in *custodia legis* so that the landlord, by entering his claim prior to ratification of the sale, may still enforce his quasi-lien on the proceeds of the sale. Cf. *Thomson v. Baltimore and Susquehanna Steam Co., supra.*

Since we find that the landlord in this case may enforce his claim for the full amount of the rent in arrears, we do not reach on this appeal the question of whether the sale was properly advertised and conducted under the requirements of the decree of sale.

However, in considering the cross-appeal of the appellee-landlord in which he contends that he should be allowed the full amount of his rent in arrears without deduction of the expenses of the sale, we must consider the fact that the trustee allowed the chattels sold to be delivered to the purchaser before the ratification of the sale, in direct contravention of the terms of the decree for sale. This prevents the landlord from obtaining his alternatively requested remedy of having the sale set aside. We, therefore, determine that the landlord is entitled to the full $1200 rent in arrears without any deduction for the expenses of sale, and that the deficiency in funds available for their payment must be borne by the appellant.

*Decree affirmed in part and reversed in part, and case remanded for the passage of a decree in accordance with this opinion, with costs in the lower court and in this Court to be paid by the appellant.*