In the Matter of Allen S.
KAPP, Debtor.

COUNTY BANKING AND TRUST
COMPANY, Appellant,

v.

Allen S. KAPP, Appellee.

Civ. No. S 86–1183.

United States District Court,
D. Maryland.

Feb. 2, 1987.

Edward A. Richitelli, Elkton, Md., for appellant.

Andrew H. Baida, Asst. Atty. Gen., Baltimore, Md., for State of Maryland.

V. Michael Whelan, Elkton, Md., Josef E. Rosenblatt, Frank, Bernstein, Conaway & Goldman, Baltimore, Md., for appellee.

## MEMORANDUM

SMALKIN, District Judge.

County Banking and Trust Company, appellant, has appealed from the decision of the United States Bankruptcy Court for the District of Maryland, by which it was determined that appellant's non-purchase money security interest and judicial lien on the machinery, furniture, fixtures, equipment, and inventory of appellee Allen S. Kapp, are voidable under 11 U.S.C. § 522(f) (Bankruptcy Paper No. 16). Appellant filed a Notice of Appeal and Amended Notice of Appeal (Bankruptcy Paper Nos. 17 & 18, respectively).

Appellant filed his Designation of the Record and Statement of Issues on April 14, 1986 (Paper No. 6). In accordance with Bankruptcy Rule 8009, the appellant and appellee have filed their respective briefs (Paper Nos. 8 & 9, respectively).

By letter dated September 3, 1986 (Paper No. 11), Judge James R. Miller, Jr. of this Court, pursuant to Md.Cts. & Jud.Proc. Code Ann., § 3–405(c), notified the Attorney General of Maryland that the constitutionality of Md.Cts. & Jud.Proc.Code Ann., §§ 11–504(g) & 11–507(4) had been challenged on Supremacy Clause grounds. *See also* 28 U.S.C. § 2403(b) (the federal statute requiring such notification). The At-

torney General has submitted a brief (Paper No. 10).

## I. *Factual Background*

On or about July 20, 1984, appellee and his wife obtained a loan of $12,000 from the appellant. As security, the appellant took a non-purchase money security in appellee's machinery, furniture, fixtures, equipment, and inventory. Appellee is an auto mechanic, and it is undisputed that the items in question in this appeal are tools of the appellee's trade. There is no allegation that the security interests were improperly recorded. Upon appellee's default, appellant obtained a judgment for $15,384.61 in the Circuit Court for Cecil County, Maryland, Case No. 85-1036. A writ of *fieri facias* subsequently was issued, and appellee's property, constituting tools of his trade, was levied upon by the Sheriff of Cecil County on July 5, 1985.

On September 3, 1985, appellee filed a petition pursuant to Chapter 7 of the United States Bankruptcy Code. 11 U.S.C. §§ 701-766 (1979). An adversary proceeding thereafter was commenced to avoid liens on the appellee's property. United States Bankruptcy Judge James F. Schneider determined that the security interest and judicial liens are avoidable under 11 U.S.C. § 522(f) (Bankruptcy Paper No. 20).

## II. *Discussion*

The issue presented to this Court is whether a debtor, pursuant to 11 U.S.C. § 522(f), may avoid a non-purchase money security interest and judicial lien on tools of the debtor's trade. Appellants argue that sections 11-504(g) and 11-507(4) of the Md.Cts. & Jud.Proc.Code Ann. prohibit avoiding such an interest (Paper No. 8 at 3-7).

Section 522(f) states as follows:

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property *to the extent that such lien impairs an exemption to which the debtor would have been entitled under* *subsection (b) of this section,* if such lien is—

(1) a judicial lien; or

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, ... that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

(B) implements, professional books, or tools, of the trade of the debtor or the dependent of the debtor; ...

11 U.S.C. § 522(f) (1979)(emphasis supplied).

Section 522(b) provides as follows:

Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate ... either—

(1) property that is specified under subsection (d) of this section, *unless the State law that is applicable to the debtor* under paragraph (2)(A) of this subsection *specifically does not so authorize;* or, ...

11 U.S.C. § 522(b) (1979 & Supp.)(emphasis supplied).

Ostensibly pursuant to the grant of authority in § 522(b), the Maryland legislature enacted § 11-504 of the Courts and Judicial Procedure Article of the Maryland Code Annotated, which provides, in pertinent part, as follows:

(b) *In general.*—The following items are exempt from execution on a judgment.

(1) Wearing apparel, books, tools, instruments, or appliances necessary for the practice of any trade or profession except those kept for sale, lease, or barter.

\* \* \* \* \* \*

(g) *Federal bankruptcy exemptions.* —In any bankruptcy proceeding, a debtor is not entitled to the federal exemptions provided by § 522(d) of the United States bankruptcy code.

Md.Cts. & Jud.Proc.Code Ann., § 11-504 (1984 Repl.Vol.).

The Maryland legislature also intended that the allowed state exemptions not impair certain types of liens as follows:

The provisions of this subtitle relative to exemptions do not impair a:

(1) Vendor's purchase money lien on land;

(2) Mechanics' lien;

(3) Tax lien;

(4) Mortgage, deed of trust, or *other security interest.*

Md.Cts. & Jud.Proc.Code Ann., § 11–507 (1984 Repl.Vol.) (emphasis supplied).

Appellant argues that the term "other security interest," as used in § 11–507, means " 'an interest in personal property for fixtures which secures payment of performance of an obligation' " (Paper No. 8, Appendix at 2) (quoting Md.Comm.Law Code Ann., § 1–201(37) (1986 Supp.)). Under the appellant's proposed interpretation, no security interest in any of the items set forth in § 11–504 is avoidable.

Appellee does not question the definition of "other security interest" suggested by appellant, but argues that § 522(f) should be read so as to be independent of the opt-out provision of § 522(b)(1). Appellee further argues that to interpret the statutes in the manner suggested by the appellant would violate the Supremacy Clause of the United States Constitution (Paper No. 9 at 3–5).

■ The Attorney General argues that the phrase "other security interest," as used in § 11–507, should be interpreted to refer only to security interests (other than mortgages and deeds of trust) in real property (Paper No. 10 at 3–8). Under the Attorney General's proposed interpretation, there is no conflict between the state and federal statutes, because § 11–507 does not apply to the appellant's non-real estate liens. For several reasons, the Court adopts the Attorney General's interpretation.

U.C.C. section 1–201, from which appellant obtains its proposed definition of "security interest," provides, in introduction,

as follows: "Subject to additional definitions contained in the subsequent titles of this article which are applicable to specific titles or subtitles thereof, and unless the context otherwise requires, *in Titles 1 through 10 of this article: ...*" Md. Comm.Law Code Ann., § 1–201 (1986 Supp.). The appellant's definition, thus, does not apply to § 11–507 of the Courts and Judicial Procedure Article, but only to the Maryland U.C.C. portion of the Commercial Law Article. The application of that U.C.C. definition in the context suggested by the appellant, therefore, is not within the express purview of Maryland statute.

The statutory history of sections 11–504 and 11–507 supports the interpretation urged by the Attorney General. The provisions of sections 11–504 and 11–507 previously were contained in Md.Code Ann. art. 83, §§ 11 & 12 (1957). Sections 11 and 12, as first enacted in 1861, stated as follows:

That all wearing apparel, books, and the tools of mechanics shall be exempt from execution, in addition to the property hereinbefore exempted, but this shall not apply to any books or tools kept for sale.

\*      \*      \*      \*      \*      \*

That the preceding sections relating to exemptions shall not impair the lien of any vendor for the purchase money of land, nor of any mortgage, nor of any mechanic or other person, for any debt contracted for or in aid of the erection of any building; nor from any levy thereon for taxes.

1861 Md.Laws Chapter 7, §§ 4 & 5.

With regard to section 12, the only substantive change in the language from 1861 to 1973, when the act was repealed and replaced by § 11–507, was the replacement of the words "nor from any levy thereon for taxes" with the words "nor shall they apply to any lien on property, real or personal, for nonpayment of taxes." Md.Code

Ann. art. 83 § 12 (1968 Repl.Vol.) (as amended by 1943 Md.Laws Chapter 635).[1]

In 1973, Article 83 §§ 11 & 12 were repealed and replaced by Md.Cts & Jud.Proc. Code Ann. §§ 11-504 & 11-507. 1973 Md. Laws, 1st Special Sess., ch. 2, § 11-504 at 343, § 11-507 at 345. The revisor explained the differences between the new language and the language of Article 83 § 12. The revisor's note states as follows:

This section reflects the revisor's understanding of this section. The second provision dealing with "lien of any mechanic or other person for any debt contracted for or in aid of the erection of any building" is understood to mean a mechanics' lien as defined in Art. 63, § 1.

The terms "deed of trust" and "other security interest" have been added to conform this section with Art. 21, § 7-104, and because the additions seem consistent with the general concept of § 11-507.

Revisor's Note to 1973 Md.Laws ch. 2, § 11-507.

From the revisor's note it is clear that each of the numbered subsections is derived from a phrase of old Article 83, § 12. Subsection 1 is taken almost verbatim from the first phrase of § 12. Subsection 2 is derived from the third phrase. Subsection 3 is derived from the last phrase. Subsection 4, therefore, is derived from the second phrase, "nor of any mortgagee." Consequently, it makes sense that the term "other security interest" applies only to interests in land.

The comment that the terms "deed of trust" and "other security interest" were added to conform § 11-507 with article 21 § 7-104 (now Md.Real Property Code Ann. § 7-104 (1981 Repl.Vol.)) further supports the interpretation that "other security interest" refers to real property. Section 7-104, entitled "Priority of purchase-money mortgage or deed of trust," provides, in pertinent part, as follows:

If property is sold and granted, and at the same time the purchaser gives a mortgage or deed of trust to secure total or partial payment of the purchase money, the mortgage or deed of trust shall be preferred to any previous judgment or decree for the payment of money which is obtained against the purchaser if it recites that the sum recieved is all or part of the purchase money of the property.

Md.Real Property Code Ann. § 7-104 (1981 Repl.Vol.). Section 7-104 does not apply to mortgages of chattels. *See Gay Instrument Company v. Comi*, 230 Md. 433, 438, 187 A.2d 463, 466 (1963) (holding that then Md.Code Ann., art. 66 § 4 (1957), the prior equivalent of section 7-104, does not apply to mortgages of chattels). If the revisor meant to conform § 11-507 with § 7-104 in 1973, it is only logical that the new language also was meant to apply only to real property. Being presumptively aware of the 1963 holding in *Gay Instrument Company*, had the revisor intended to expand 11-504 to include personal property, he would have stated that intent either in the notes or in the statute.

The advisor's final comment, that "the additions seem consistent with the general concept of § 11-507," reflects an intent to preserve the historical scope of the section and not to apply it to liens, besides the tax lien, on personal property.

The statutory construction maxim *ejusdem generis* further supports the more restrictive interpretation of "other security interest." That maxim dictates that where general words follow an enumeration of things by words of a particular or specific meaning, the general words are not to be construed in their broadest sense, but are to be construed as applying to things of the same general class. *Black's Law Dictionary* 608 (4th ed. 1968). The general term "other security interest," therefore, should

---

1. This language was changed in 1943 in connection with major changes to the state income tax provisions of articles 9 and 81. The purpose of these changes was to provide "a lien in favor of the State on all property of any delinquent taxpayer, and [to provide] means of establishing, enforcing and collecting such lien, including a lien on the salary and wages of any employee delinquent in the payment of tax; ..." *Id.*

be construed as applying to the same class as the more specific preceding terms of "mortgage" and "deed of trust," that is, the class of security interests in real property.

The interpretation of the Attorney General also avoids questions about the constitutionality of the statute on Supremacy Clause grounds. It is well established that "when one admissible construction will preserve a statute from unconstitutionality and another will condemn it, the former is favored." *Blanchette v. Connecticut General Insurance Corporation*, 419 U.S. 102, 134, 95 S.Ct. 335, 354, 42 L.Ed.2d 320 (1974); *see also St. Martin Evangelical Lutheran Church v. South Dakota*, 451 U.S. 772, 780, 101 S.Ct. 2142, 2147, 68 L.Ed.2d 612 (1981). As the Supreme Court wrote in *Blanchette*, the task of the courts "is not to destroy the [statute] if we can, but to construe it, if consistent with the will of [the legislature], so as to comport with constitutional limitations." 419 U.S. at 134, 95 S.Ct. at 354 (quoting *CSC v. Letter Carriers*, 413 U.S. 548, 571, 93 S.Ct. 2880, 2893, 37 L.Ed.2d 796 (1973)).

 Finally, the opinion of a state's Attorney General interpreting legislation, although not binding on the courts, is worthy of careful consideration. *Montgomery County v. Atlantic Guns, Inc.*, 302 Md. 540, 548, 489 A.2d 1114, 1118 (1985); *Automobile Trade Association v. Harold Folk Enterprises, Inc.*, 301 Md. 642, 662, 484 A.2d 612, 622 (1984); *Board of Examiners in Optometry v. Spitz*, 300 Md. 466, 476, 479 A.2d 363, 368 (1984). To the knowledge of this Court, the opinion of the Attorney General in this case has not been published as an official, published opinion of the Attorney General, as were the opinions in the above cited cases. This opinion, therefore, may not be subject to the same level of consideration as the published opinions in those cases. In light of the absence of any other authority on the issue, however, the opinion of the public official charged with the duty of enforcing the statute carries substantial weight. *See Spitz*, 300 Md. at 480, 479 A.2d at 370.

For all of the above reasons, the Court finds that the term "other security interest" as used in Md.Cts. & Jud.Proc.Code Ann. § 11–507(4) does not include security interests in personal property. The appellees' property is therefore subject to an exemption under 11 U.S.C. § 522(b). The liens are avoidable under 11 U.S.C. § 522(f).

This Court, therefore, need not address the arguments of the appellee. Accordingly, a separate Order will be entered affirming the decision of the United States Bankruptcy Court for the District of Maryland.