Rel: November 8, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2024-2025

————————————————

## CR-2023-0812

————————————————

## John Mark Helms

## v.

## State of Alabama

## Appeal from Calhoun Circuit Court
## (CC-22-974)

McCOOL, Judge.

John Mark Helms appeals his misdemeanor conviction for driving a motor vehicle equipped with impermissible lights. See § 32-5-241, Ala. Code 1975. Helms was fined $25 and was ordered to pay court costs. For the reasons set forth herein, we affirm the trial court's judgment.

## Facts and Procedural History

The facts of this case are undisputed. On March 18, 2022, Cpl. Ryan Key of the Alabama Law Enforcement Agency initiated a traffic stop of the "box truck" that Helms was driving. (R. 59.) Helms's truck has a large enclosed cargo area behind the passenger compartment (C. 79), and Cpl. Key stopped the truck because both sides of the cargo area and the back of the cargo area have "a large digital screen projecting different images" (R. 59) that "loop every so many seconds from one advertisement picture to another." (R. 60.) Helms uses the digital screens on his truck, which are "essentially … television sets" (R. 52), to advertise for various local businesses. According to Cpl. Key, the digital screens on Helms's truck were emitting "different color[ed]" lights which were so "bright and glaring" (R. 59) that they were "blinding" (R. 72) and therefore "could provide a distraction to other motorists." (R. 60.) Thus, Cpl. Key told Helms that "the lights were too bright and he needed to turn them off." (R. 61.) However, Helms refused to turn off the digital screens, so Cpl. Key issued him a Uniform Traffic Ticket and Complaint charging him with "improper lights" (R. 63) in violation of § 32-5-240, Ala. Code 1975,

a charge that was later amended, with Helms's consent, to a violation of § 32-5-241.

Helms was convicted in the Calhoun District Court of violating § 32-5-241, and he appealed to the Calhoun Circuit Court ("the trial court") for a trial de novo, where he waived his right to a jury trial and elected to have a bench trial. At the close of evidence, Helms moved for a judgment of acquittal, arguing that nothing in § 32-5-241 prohibits the digital screens on his truck. The State argued in response that § 32-5-241 "lists what is allowed on a vehicle" and that, as a result, "[a]nything additional is unauthorized, plain and simple." (R. 86.) The trial court denied Helms's motion and convicted him of violating § 32-5-241.

## Discussion

The sole issue in this appeal is whether § 32-5-241 prohibits the lights that are emitted from the digital screens on Helms's truck. We hold that the statute does prohibit those lights and thus affirm Helms's conviction.

Section 32-5-240 requires that motor vehicles traveling on a state highway be equipped with certain lights. Section 32-5-241, on the other hand, permits certain additional lights on vehicles. On appeal, Helms

3

cites the well-settled principles of statutory construction providing that criminal statutes must be strictly construed in favor of the accused and prohibit only the conduct that is "clearly proscribed" therein. Ex parte Land, 346 So. 3d 1027, 1030 (Ala. Crim. App. 2021) (citations omitted). Having armed himself with those principles, Helms argues that the lights that are emitted from the digital screens on his truck do not violate § 32-5-241 because "[t]here is no mention of anything close to [a] TV screen" in the statute. (Helms's brief, p. 16.)

Helms's argument would be well taken if § 32-5-241 prohibited a person from equipping his vehicle with the lights enumerated in the statute. Were that the case, Helms's conviction could not stand, because the prohibition of the lights found in § 32-5-241 would mean that only those lights are prohibited by the statute. However, § 32-5-241 permits a person to equip his vehicle with the lights enumerated in the statute. The converse of that permission, then, or the "negative implication" of that permission, Martin v. Martin, 329 So. 3d 1242, 1245 (Ala. 2020), is that any lights not enumerated in § 32-5-241 are prohibited by the statute. As the Alabama Supreme Court has explained:

> "It is a well established principle of statutory interpretation that '[t]he expression of one thing implies the

4

exclusion of others.' Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts § 10, at 107-11 (Thomson/West 2012) (discussing the negative-implication canon). Indeed, the use of negative implication is consistent with this Court's jurisprudence. See, e.g., … Southern Guar. Ins. Co. v. First Alabama Bank, 540 So. 2d 732, 734 (Ala. 1989) ('Under Alabama's commercial code, a bank may charge a customer's account only when an item is deemed "properly payable." Ala. Code 1975, § 7-4-401. Thus, by negative implication, § 7-4-401 imposes liability on a drawee bank that charges a customer's account for items not properly payable.')."

Martin, 329 So. 3d at 1245 (emphasis added). See also Glencoe Paving Co. v. Graves, 266 Ala. 154, 157, 94 So. 2d 872, 875 (1957) ("[T]he expression of one thing is the exclusion of another. Under this maxim, if a statute specifies one exception to a general rule, there are no other exceptions to the rule.").

The Maryland Court of Appeals has similarly explained:

"It is a settled principle of statutory construction that the Legislature's enumeration of one item, purpose, etc. ordinarily implies the exclusion of all others. 2A Sutherland, Statutory Construction, §§ 47.23, 47.24 (4th ed. 1973). The principle is often expressed as the latin maxim 'expressio unius est exclusio alterius,' Gay Investment v. Comi, 230 Md. 433, 438, 187 A.2d 463 (1963). A related principle is that where a statute authorizes or permits a person or agency to take a certain type of action in a particular manner, such manner becomes a mandatory limitation, and the action must be taken in conformity with it. Trust Co. v. Ward Baking Corp., [177 Md. 212,] 220, 9 A.2d 228 [1939)] ('"A statute that directs a thing to be done in a particular manner ordinarily

5

implies that it <u>shall not be done otherwise</u>."'); 2A Sutherland, <u>supra</u>, §§ 57.14-57.18."

<u>Office & Pro. Emp. Int'l Union, Local 2 (AFL-CIO) v. Mass Transit Admin.</u>, 295 Md. 88, 96, 453 A.2d 1191, 1195 (1982) (emphasis added; some internal citations omitted).

In short, then, any lights that do not fall within § 32-5-241 are not permitted on a vehicle traveling on a state highway, unless they are required by § 32-5-240. As a former Alabama attorney general once explained:

> "[I]t was clearly the legislative intent in enacting Section 32-5-241 to restrict operators of vehicles from using any lighting equipment or illuminating device on a vehicle <u>other than those listed in that Section and Section 32-5-240</u>. Section 32-5-241 clearly provides what lighting equipment or illuminating devices in addition to that provided in Section 32-5-240 may be used on a vehicle. The use on a vehicle of lighting equipment or illuminating devices <u>not mandated by Section 32-5-240 or authorized by Section 32-5-241 would thus be a violation of Section 32-5-241</u>."

Ala. Att'y Gen. Op. No. 95-00065 (Dec. 9, 1994) (emphasis added). That opinion is of course not binding on this Court. However, it is "persuasive authority" that is "entitled to great weight," <u>Douglas v. Roper</u>, 374 So. 3d 652, 671 (Ala. 2022) (citations omitted), and, moreover, is consistent with the conclusion that this Court would reach even in its absence.

6

That said, the lights that are emitted from the digital screens on Helms's truck are not required by § 32-5-240, and at no point in these proceedings has Helms argued that those lights qualify as a type of light permitted by § 32-5-241; in fact, Helms's entire defense has been to argue that the digital screens on his truck, and the lights that are emitted from them, are <u>not</u> included in that statute. Thus, because the lights that are emitted from the digital screens on Helms's truck are not permitted by § 32-5-241, they are necessarily impermissible. Accordingly, Helms's conviction is due to be and is hereby affirmed.

Helms has not expressly raised a vagueness challenge to § 32-5-241, but we acknowledge his argument that the statute fails to "correctly inform the accused of what is prohibited." (Helms's brief, p. 17.) We disagree. As we have already explained, § 32-5-241 permits certain types of lights on vehicles, and the "negative implication" of that permission is that any lights that do not fall within the statute are impermissible, unless they are required by § 32-5-240. <u>Martin</u>, 329 So. 3d at 1245. Thus, to ascertain which types of lights are prohibited by § 32-5-241, a person need only look at which types of lights are <u>permitted</u> by the statute. Any lights "not mandated by Section 32-5-240 or authorized by Section 32-5-

241 would thus be a violation of Section 32-5-241."  Ala. Att'y Gen. Op. No. 95-00065.

AFFIRMED.

Windom, P.J., and Kellum, Cole, and Minor, JJ., concur.